**UNITED STATES of America, Plaintiff,**

v.

**Marlowe COLE, et al., Defendants.**

**No. 88 CR 1002.**

United States District Court,
N.D. Illinois, E.D.

March 9, 1989.

Anton R. Valukas, U.S. Atty. by Vilija A. Bilaisis, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Robert A. Korenkiewicz, Chicago, Ill., for defendant Andre Stover.

Shelly B. Kulwin, Chicago, Ill., for defendant Ronald K. McMillen.

Jeffrey Urdangen, Chicago, Ill., for defendant Olanrewaju Raji.

Anita Rivkin–Carothers and Robert F. Nemzin, Chicago, Ill., for defendant Jackie Edwards.

Rick Halprin, Chicago, Ill., for defendant Deborah Cain.

## ORDER

BUA, District Judge.

The government has indicted defendants Deborah Cain, Jackie Edwards, Ronald McMillen, Olanrewaju Raji, and Andre Stover for their alleged participation in a drug conspiracy. On the eve of their criminal trial, these five defendants have filed a number of pretrial motions. The court will now consider each of these motions.

### I. Motions to Adopt

Each defendant has moved to adopt the pretrial motions filed by his or her codefendants. Insofar as the pretrial motions of each individual defendant could apply to any or all of his or her codefendants, the court grants defendants' motions to adopt the pretrial motions of their codefendants.

### II. Motion for Pretrial Hearing or Proffer Concerning Coconspirators' Statements

In presenting its case against defendants, the government plans to introduce into evidence the statements of certain coconspirators. To establish the admissibility of these statements under Fed.R.Evid. 801(d)(2)(E), the government must demonstrate by a preponderance of the evidence that defendants and the declarants were engaged in a conspiracy when the declarants uttered the statements, and that the statements served to further the conspiracy. If the government fails to carry this evidentiary burden, then the coconspirators' statements would amount to inadmissible hearsay. *See United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978).

■ Seeking to obtain a pretrial ruling on the admissibility of the coconspirators' statements, defendants move for a pretrial hearing on the statements or, alternatively, a preliminary proffer of proof by the government. In response, the government has offered to make a pretrial proffer. In light of the government's proposed proffer, this court sees no need to conduct a pretrial hearing. The Seventh Circuit has found such a hearing unnecessary in cases where a proffer provides an adequate basis for assessing the admissibility of coconspirators' statements. *See United States v.*

*Boucher,* 796 F.2d 972, 974 (7th Cir.1986); *United States v. Andrus,* 775 F.2d 825, 837 (7th Cir.1985). Rather than hold a pretrial hearing in the instant case, this court elects to accept the government's proposed proffer concerning the coconspirators' statements. The court asks that the government submit its proffer seven days before trial so that the court can make a pretrial determination of the statements' admissibility.

As an additional precaution against the admission of hearsay, defendants request that the court dictate the order in which the government will present its proof at trial. *See* Fed.R.Evid. 611. Defendants argue that the court should require the government to present all independent evidence of the conspiracy before introducing any of the coconspirators' statements. Based on the pretrial proffer, however, this court will have resolved the issue of the statements' admissibility before the trial begins. Therefore, the court sees no reason to require that the government order its proof at trial.

### III. Motion for Bill of Particulars

■ Pursuant to Fed.R.Crim.P. 7(f), all five defendants have moved for a bill of particulars revealing additional information about the various charges against them. A motion for a bill of particulars lies within the discretion of the trial court. *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). In evaluating the need for a bill of particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial. *Id.* Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a bill of particulars by disclosing additional details about the charges during discovery. *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983); 1 C. Wright, Federal Practice and Procedure (Criminal) § 129 (2d ed. 1982). In the instant case, the indictment and the items produced during discovery provide defendants with adequate information about the charges against them. Count I of the indictment consists of a detailed narrative of defendants' alleged participation in several drug transactions, complete with the date and place of each transaction. To supplement the information contained in the indictment, the government has provided defendants with 446 cassette tapes of electronic surveillance, all of the logs pertaining to the surveillance, lab reports concerning confiscated substances, and various other materials related to the case against defendants. These materials, when combined with the indictment's description of the charges, give defendants ample information about the government's case against them. Considering the information already made available to defendants, the court finds a bill of particulars unnecessary.

### IV. Edwards' Motion to Dismiss Count XII

■ For the same reason that the court refuses to require the government to produce a bill of particulars, the court denies Edwards' motion to dismiss Count XII of the indictment. Count XII charges Edwards with distributing a quantity of a mixture containing heroin on or about November 12, 1988. Edwards moves to dismiss Count XII due to its vagueness and lack of specificity. He observes that Count XII articulates the charge against him in a rather cursory fashion. Another count in the indictment, however, supplies further detail about Edwards' alleged involvement in drug distribution. Count I states that Edwards sold a quantity of a mixture containing heroin to Marlowe Cole on or about November 12, 1988. Furthermore, the materials produced by the government during discovery contain additional information about Edwards' role in the alleged drug conspiracy. This information gives Edwards sufficient notice of the basis for the drug distribution charge against him. Therefore, the court declines to dismiss Count XII of the indictment.

## V. Discovery Motions

### A. Motion for Production of Documents

■ Pursuant to Fed.R.Crim.P. 16, defendants move for production of a variety of documents. The government asserts that it has already produced many of the materials requested by defendants, including defendants' written and recorded statements in the government's possession, defendants' oral statements that the government plans to use at trial, tape recordings, and lab reports. The government also states that it has produced all documents that it intends to introduce in its case-in-chief, with the exception of certain photographs. The government assures the court that it will soon make these photographs available to defendants. To a large extent, the government's cooperation has rendered defendants' motion for production moot. The only remaining disputes over documents involve defendants' requests for four types of items: evidence procured through the use of a mail cover; records obtained from Illinois Bell; copies of documents acquired via grand jury subpoena; and work papers underlying scientific tests or accounting analyses. The government has refused to turn over these items, claiming that Rule 16 does not require the production of such documents. This court agrees with the government's position. The documents withheld by the government fall outside the scope of Rule 16; yet, aside from a general citation to Rule 16, defendants offer no justification for compelling production of the documents they seek. Consequently, the court denies defendants' motion for production of documents.

### B. Motions for Disclosure of Exculpatory and Impeaching Information

Based on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), defendants move for disclosure of any exculpatory information in the government's possession. Aware of its obligation under *Brady*, the government states that it knows of no exculpatory information at this time. In the event the government learns of any *Brady* material, the government has promised that it will promptly provide defendants with such material.

Relying on *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), defendants also move for disclosure of any information in the government's possession that tends to impeach prospective government witnesses at trial, including the government's two informants. The government states that it does not intend to call the informants to testify at trial because they neither witnessed nor participated in any transactions charged in the indictment. Therefore, the disclosure of impeaching information about the informants would not serve the primary purpose of *Giglio:* enabling a defendant to attack the credibility of a government witness at trial. Moreover, the government offers a compelling reason for preserving the anonymity of its informants—the potential for violent reprisals if defendants discover the informants' identities. Because the disclosure of information about the informants would not appreciably assist defendants in preparing their defense, and because such disclosure could jeopardize the informants' safety, the court denies defendants' *Giglio* motion insofar as it relates to the informants.

■ With respect to other potential government witnesses, the government has agreed to disclose all *Giglio* material in its possession, but not until several days before each witness is scheduled to testify. At that time, the government also plans to turn over any information that defendants seek under the Jencks Act, 18 U.S.C. § 3500. The court finds this arrangement acceptable. As the government points out, a search of various defendants' residences uncovered a significant cache of firearms and ammunition; and several taped conversations between defendants contain threats of bodily harm. Given the potential for violence against government witnesses, the government understandably wishes to conceal the identities of its witnesses until the trial begins. The government's proposal to delay disclosure of impeaching information

strikes an appropriate balance between defendants' interest in effective cross-examination and the government's interest in protecting its witnesses.

The government also intends to inform defendants of any plea agreement whereby a codefendant receives favorable treatment in exchange for testifying against defendants at trial. To date, the government has not entered into any such agreements.

■ Despite its general willingness to comply with defendants' *Giglio* requests, the government has refused to disclose three types of potentially impeaching information: the personnel files of any witness who is or was a law enforcement officer; information as to whether any witnesses will receive statutory witness fees; and any witness' previous appearances before other tribunals in matters unrelated to this case. The government need not disclose any information regarding personnel files or statutory witness fees, since *Giglio* does not entitle defendants to such information. As for the third contested *Giglio* request, however, the court does not entirely agree with the government's position. While defendants do not have a right to know about every prior court appearance by all government witnesses, the government should at least inform defendants of all previous occasions on which the witnesses testified for the government. After all, a history of cooperation with the government would tend to impeach the credibility of a government witness. Therefore, the court grants defendants' *Giglio* motion for the limited purpose of requiring the government to disclose all previous cases in which its witnesses testified for the government. Because the government has apparently complied with *Giglio* in all other respects, the court denies the remainder of defendants' motion for disclosure of impeaching information.

#### C. Motion for Disclosure of Circumstances Surrounding Defendants' Statements to Persons Other than Government Agents

■ During the course of the government's investigation, defendants made statements about the subject matter of the indictment to persons other than government agents. Defendants now move for the government to disclose the circumstances surrounding these statements. In particular, defendants seek information about when, where, and to whom they made the statements. Defendants offer no authority in support of this sweeping discovery request. Moreover, to the extent that disclosure of the circumstances surrounding defendants' statements would entail disclosure of the statements of prospective government witnesses, Rule 16(a)(2) and the Jencks Act prohibit the court from granting defendants' motion. *See United States v. Cole,* 857 F.2d 971, 974–75 (4th Cir.1988); *United States v. Hoffman,* 794 F.2d 1429, 1432–33 (9th Cir.1986); *United States v. Callahan,* 534 F.2d 763, 765 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976). Even assuming that defendants' motion would not implicate statements covered by the Jencks Act, the government could not supply the information sought by defendants without revealing the identities of some government witnesses, leaving these witnesses vulnerable to pretrial intimidation and violence. To ensure the security of the government's witnesses, this court denies defendants' motion for disclosure of the circumstances surrounding defendants' statements to nongovernmental third parties.

#### D. Motion to Disclose Intent to Present Opinion Testimony

■ Defendants move for disclosure of the names of any expert or lay witnesses who will offer opinion testimony on the government's behalf. In addition, defendants seek to review all reading materials that the government's experts have consulted in the course of forming their opinions. In attempting to justify these broad requests, defendants claim that Rule 16(a)(1)(D) entitles them to a wide range of information about the government's intent to present opinion testimony at trial. This court does not share defendants' expansive interpretation of Rule 16. Far from authorizing wholesale disclosure of the govern-

ment's opinion testimony, Rule 16(a)(1)(D) simply requires the government to disclose the results of all medical examinations and scientific tests that relate to the charges in the indictment. By producing all laboratory reports pertaining to the charges against defendants, the government has fully complied with Rule 16(a)(1)(D). Neither Rule 16 nor any provision of the Federal Rules of Evidence justifies the comprehensive preview of the government's opinion testimony that defendants request. Consequently, the court denies defendants' motion for extensive pretrial disclosure of the government's opinion testimony.

### E. Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence

■ Defendants move for the court to require that the government give notice of its intention to use evidence of other crimes, wrongs, or acts pursuant to Fed.R. Evid. 404(b). Defendants also seek disclosure of the government's intention to use specific acts of misconduct for impeachment purposes. *See* Fed.R.Evid. 608(b). As the government points out, however, the Federal Rules of Criminal Procedure mandate pretrial disclosure of evidence of other crimes only if the government plans to use such evidence in its case-in-chief. *See* Fed.R.Crim.P. 12(d)(2). The government need not disclose evidence of past crimes or misconduct that it intends to use in its rebuttal case or during cross-examination of a defendant. *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (N.D.Ill.1979), *aff'd*, 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). Thus, defendants can only obtain notice of other crimes evidence that the government intends to introduce in its case-in-chief. Because the government has no plans to present evidence of other crimes in its case-in-chief, the court denies defendants' motion for notice of such evidence.

### VI. Motion to Preserve Government Agents' Notes

Defendants move for the entry of an order directing all government agents to preserve any notes that they made while investigating defendants. In response to this motion, the government has instructed its agents to preserve their notes about the investigation during the pendency of defendants' trial. Since the government has already taken steps to preserve its agents' notes, the court denies defendants' motion as moot.

### VII. Motion for Early Return of Documents

Pursuant to Fed.R.Crim.P. 17(c), defendants move for the early return of documents through the issuance of subpoenas. The government does not object to the entry of an order allowing for the early return of documents in accordance with Rule 17. Therefore, the court grants defendants' motion for early return. Attorneys for the government as well as defendants may issue subpoenas under Rule 17 for the early return of documents.

### VIII. Edwards' Motion for Severance

■ Finally, Edwards moves for severance of his trial from the trial of his codefendants. In analyzing Edwards' severance motion, this court initially observes that the government has properly joined Edwards with the other defendants pursuant to Fed.R.Crim.P. 8(b). Count I of the indictment charges all of the defendants (including Edwards) with participation in a drug distribution conspiracy. The court has no reason to believe that the government has alleged a conspiracy in bad faith. Therefore, the conspiracy charge against Edwards and his codefendants lays a proper foundation for joinder under Rule 8(b). *See United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988); *United States v. Dounias*, 777 F.2d 346, 348–49 (7th Cir.1985).

■ When the allegations in an indictment satisfy the joinder requirements of Rule 8, a defendant's only hope for severance rests with Fed.R.Crim.P. 14, which requires the defendant to show that joinder will prejudice him. *United States v. Lane*, 474 U.S. 438, 447, 106 S.Ct. 725, 731, 88 L.Ed.2d 814 (1986). In arguing for severance under Rule 14, Edwards contends that he will not receive a fair trial if the govern-

ment tries him jointly with the other defendants. Edwards notes that the indictment only charges him with two specified acts, whereas some of his codefendants stand accused of multiple criminal acts. He asserts that a joint trial could result in his conviction based on the voluminous evidence against his codefendants, even though much of this evidence would not relate to the charges against him. As the Seventh Circuit has repeatedly concluded, however, a disparity in incriminating evidence against various codefendants does not by itself establish prejudice or justify severance. *See United States v. Hendrix,* 752 F.2d 1226, 1232 (7th Cir.), *cert. denied,* 471 U.S. 1021, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *Kendall,* 665 F.2d at 138; *United States v. Hedman,* 630 F.2d 1184, 1200 (7th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *United States v. Grabiec,* 563 F.2d 313, 318–19 (7th Cir.1977). Moreover, in order to minimize the potential for prejudice in Edwards' case, this court will clearly admonish the jury "to consider evidence introduced on the other counts only against the defendants charged in those counts." *Hedman,* 630 F.2d at 1200. Ultimately, even if this court granted Edwards a separate trial, severance would not necessarily insulate him from the evidence used against his codefendants. If the government can prove by independent evidence that a conspiracy existed and that Edwards participated in it, then evidence of coconspirators' acts in furtherance of the conspiracy would be admissible against Edwards whether or not he received a separate trial. *See United States v. Hattaway,* 740 F.2d 1419, 1424 (7th Cir.), *cert. denied,* 469 U.S. 1028, 105 S.Ct. 448, 83 L.Ed.2d 373 (1984); *United States v. Ras,* 713 F.2d 311, 315 (7th Cir. 1983). Thus, not only has Edwards failed to establish that joinder will prejudice him; he cannot even demonstrate that severance would alleviate whatever prejudice he might suffer as a result of joinder. For these reasons, the court denies Edwards' motion for severance.

## CONCLUSION

To the extent that each defendant's pretrial motions could apply to any or all defendants, the court grants defendants' motions to adopt the pretrial motions of their codefendants. The court denies defendants' motion for a pretrial hearing on the admissibility of coconspirators' statements. Instead of holding a hearing concerning these statements, the court will accept a proffer of proof from the government seven days before trial. The court denies defendants' motion for a bill of particulars and Edwards' motion to dismiss Count XII of the indictment. Based on the government's representations that it will fully comply with Rule 16, *Brady,* and *Giglio,* the court denies most of defendants' discovery motions. Nonetheless, the court grants defendants' motion for disclosure of all previous occasions on which prospective government witnesses (other than informants) have testified for the government before any tribunal. The government may delay disclosure of any witness' prior court appearances until several days before the witness testifies at trial. The court denies defendants' motion to preserve the notes of government agents because the government has already instructed its agents to preserve their notes. The court grants defendants' motion for the early return of documents under Rule 17. Finally, the court denies Edwards' motion for severance.

IT IS SO ORDERED.