**UNITED STATES of America, Plaintiff,**

v.

**Jose DOMINGUEZ, Defendant.**

**No. 90 CR 379.**

United States District Court,
N.D. Illinois, E.D.

July 24, 1990.

Ira H. Raphaelson, U.S. Atty. by Matthew Bettenhausen, Joshua T. Buchman, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Gerald J. Collins, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Jose Dominguez has filed a variety of pretrial motions. The court will now address each motion.

### I. Motion for Disclosure and Production of All Electronic or Mechanical Surveillance

Dominguez requests the production of all electronic or mechanical surveillance evidence that was generated in the investigation of this case. In response to Dominguez' motion, the government asserts that it has provided Dominguez with a complete set of tape recordings (and the transcripts of those recordings) that were taken during the investigation. According to the government, no other means of electronic or mechanical surveillance were used in its investigation. Since the government has provided Dominguez with all of the evidence from the surveillance, the motion for production of such evidence is moot. To the extent Dominguez seeks additional information regarding the surveillance, which exceeds the scope of permissible discovery under Rule 16 of the Federal Rules of Criminal Procedure, his motion is denied.

### II. Motion to Require Notice of Intention to Use "Other Crimes, Wrongs, or Acts" Evidence

Dominguez moves for an order requiring the government to give notice of its intention to use evidence of "other crimes, wrongs, or acts," see Fed.R.Evid. 404(b), and evidence of "specific instances of conduct." *See* Fed.R.Evid. 608(b). Dominguez wishes to be informed of the government's intention to use such evidence in its case-in-chief, during cross-examination, and in its rebuttal case. Contrary to Dominguez' position, pretrial discovery is limited to Rule 16 evidence which the government intends to offer in its case-in-chief. Fed.R. Crim.P. 12(d)(2); *see also United States v. Marquez*, 686 F.Supp. 1354, 1358 (N.D.Ill. 1988). The government is not required to disclose evidence of past crimes or misconduct that it intends to use on cross-examination or in its rebuttal case. *United States v. Cole*, 707 F.Supp. 999, 1004 (N.D. Ill.1989). Therefore, Dominguez can only obtain discovery of other crimes evidence that will be introduced in the government's case-in-chief. *Id.* Because the government has promised to notify the court and counsel of its intention to present evidence of other crimes in its case-in-chief, Dominguez' motion is denied.

### III. Motions for Production of Favorable Evidence and Disclosure of Impeaching and Otherwise Exculpatory Evidence

Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Dominguez moves for the produc-

tion of all favorable and exculpatory evidence. In addition, Dominguez seeks disclosure of evidence which tends to impeach prospective government witnesses. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government acknowledges its obligation under *Brady*, and states that it has already produced all of the *Brady* material in its possession. The government also agrees to honor its continuing obligation to produce *Brady* material that it acquires in the future. In regards to the impeachment evidence sought by Dominguez, the government intends to disclose all *Giglio* material seven days prior to trial. For the most part, Dominguez' motion for the production of *Brady* and *Giglio* material is moot.

█ Aside from his general request for all exculpatory and impeaching evidence, Dominguez has made several sweeping discovery requests—many of which are outside of the bounds of allowable discovery. Dominguez requests disclosure of a list of persons whom the government interviewed during its investigation but who will not be testifying at trial. Dominguez, however, has no absolute right to a list of government witnesses, see *United States v. Bouye*, 688 F.2d 471, 473–74 (7th Cir.1982), much less a list of individuals whom the government merely interviewed. Having failed to cite any authority compelling disclosure of the identities of these individuals and their statements, Dominguez cannot justify such an overly broad discovery request. Indeed, Rule 16(a)(2) and the Jencks Act, 18 U.S.C. § 3500, preclude Dominguez from obtaining pretrial disclosure of statements of prospective government witnesses. Nonetheless, the government indicates that it will produce all § 3500 material seven days prior to trial. For this reason, Dominguez' motion for the production of such information is denied.

█ Dominguez also requests information regarding each prior court appearance made by the government's witnesses in unrelated cases. While Dominguez is not entitled to documentation of *every* prior court appearance, the government should notify Dominguez of previous cases in which the witnesses testified on behalf of the government. *See Cole*, 707 F.Supp. at 1003. Evidence of a history of cooperation with the government would tend to impeach the credibility of the witnesses and, therefore, it is discoverable under *Giglio*. *Id.* Furthermore, Dominguez is entitled to information concerning favorable treatment (such as financial assistance or grants of immunity) given to government witnesses in exchange for testifying at trial. That information also bears on the credibility of the government's witnesses.

█ Dominguez' remaining discovery requests, including his requests for the production of the criminal history sheets and personnel files of government witnesses, are beyond the scope of discovery under the Federal Rules of Criminal Procedure; the government will not be required to procure such information for Dominguez prior to trial. *See id.*

### IV. Motion for Discovery Regarding Informers

Finally, Dominguez moves for disclosure of information concerning government informers active in the investigation of this case. The government indicates that there is only one cooperating witness who will testify for the government. With respect to that witness, the government promises to disclose all *Giglio* and § 3500 material seven days prior to trial.

Insofar as Dominguez requests information that is not within the parameters of *Giglio* and § 3500, his motion is denied. As stated previously, the government is not required to disclose information concerning the personnel files of its witnesses, their criminal history sheets, or prior court appearances unrelated to the instant case. However, in accord with its obligation under *Giglio*, the government should apprise Dominguez of any prior case in which the informer testified on behalf of the government and any favorable treatment given to the informer in exchange for his testimony.

### CONCLUSION

For the foregoing reasons, Dominguez' motion for disclosure and production of all

evidence of electronic or mechanical surveillance is denied. Dominguez' motion to require notice of the government's intention to use evidence of other crimes and conduct is also denied. Based on the government's representations that it has fully complied—and will continue to comply—with the requirements of Rule 16, *Brady,* and *Giglio,* the court denies most of Dominguez' remaining discovery motions. The court grants Dominguez' motion for disclosure of impeaching evidence for the limited purpose of requiring the government to disclose any prior cases in which its informer and other witnesses testified on behalf of the government. The government must also inform Dominguez of any favorable treatment given to its witnesses in exchange for testifying in this case.

IT IS SO ORDERED.