**UNITED STATES of America, Plaintiff,**

**v.**

**Jesus PADILLA, et al., Defendants.**

**No. 90 CR 629.**

United States District Court,
N.D. Illinois, E.D.

Sept. 25, 1990.

Fred L. Foreman, U.S. Atty., by David A. Glockner, Sp. Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Sheldon Nagelberg, Chicago, Ill., for defendant Medina.

Robert A. Korenkiewicz, Chicago, Ill., for defendant Gutierrez.

Linda Amdur, Chicago, Ill., for defendant Martin.

## ORDER

BUA, District Judge.

Defendants Felipe Martin, Candelario Gutierrez, and Jose Medina are charged with participating in a drug conspiracy. These defendants have filed a number of pretrial motions. The court will now consider each motion separately.

### I. Motions to Adopt

Gutierrez and Medina move to adopt the pretrial motions filed by Martin.[1] To the extent Martin's pretrial motions are applicable to Gutierrez and Medina, the court grants their motions to adopt.

### II. Motion to Compel Disclosure of the Existence and Identity of Informants

■ Defendants move for disclosure of the names of any government informants involved in this case. In determining whether to compel disclosure, the court must balance the public interest in protecting the informant's identity against the defendant's need to prepare an effective defense. *Roviaro v. United States*, 353 U.S. 53, 59–62, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957). Informant confidentiality ensures the free flow of information necessary for effective law enforcement, and the court should not intrude upon such confidentiality unless the undisclosed information is essential to a fair determination of the case. *See id.* at 60–61, 77 S.Ct. at 627–28. Consequently, the defendant must demonstrate a genuine need for the informant's identity before the court requires disclosure. *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir.1985); *United States v. Tucker*, 552 F.2d 202, 209 (7th Cir.1977).

■ In this case, the government utilized the services of two informants; one informant was located in New York and the other in Chicago. The New York informant allegedly called defendant Jesus Padilla and asked to purchase three kilograms of cocaine. Shortly thereafter, Padilla was contacted by the Chicago informant to set up the proposed drug transaction. The Chicago informant not only participated in the planning stages, he was also present when the drug deal was set in motion. Thus, neither informant can be characterized as a mere "tipster." Both informants were instrumental in planning the drug deal, and the Chicago informant was present when the plans were carried out. Having directly participated in the drug transaction, the informants could provide valuable testimony. The Chicago informant's testimony would appear to be especially relevant: he actually witnessed the events leading up to the indictment. His version of the offense bears directly on defendants' guilt or innocence.

After weighing the competing interests of the government and defendants, the court concludes that the government's interest in confidentiality is outweighed by defendants' need for disclosure. There is no readily apparent threat to the safety of the informants if their identities are revealed. Moreover, the government does

---

1. Medina actually seeks to adopt the pretrial motions of codefendant Jesus Padilla. But Padilla has not filed any pretrial motions. The court, therefore, will construe Medina's motion as a motion to adopt Martin's pretrial motions.

not contend that the confidentiality of these informants is critical to the success of ongoing investigations in other cases. While the government always has a significant interest in maintaining the confidentiality of its informants, defendants' ability to prepare an adequate defense could be severely impaired if the identity of the informants is not disclosed.

The court, therefore, hereby orders the government to divulge the identities of its New York and Chicago informants. With respect to any other informant who provided information to the government, but did not actually participate in the drug transaction, defendants' motion for disclosure is denied.

### III. Motion for Production of Favorable Evidence

■ Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), defendants also move for disclosure of any exculpatory or favorable evidence in the government's possession, including evidence which tends to impeach prospective government witnesses. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government acknowledges its obligation under *Brady*, and promises to furnish defendants with any favorable evidence that it obtains. Based on the government's representation that it will honor its *Brady* obligation, the court denies defendants' motion for production of favorable evidence.

The government has agreed to produce all evidence that is discoverable under the Jencks Act, 18 U.S.C. § 3500, as well as all impeachment material, one week prior to trial. Defendants are not entitled to such information prior to that time. One week is a sufficient amount of time for defendants to make meaningful use of the Jencks Act and impeachment material.

### IV. Motion for Notice of Intention to Use Evidence of Other Crimes, Wrongs, or Acts

Defendants move for an order compelling the government to give notice of its intention to present evidence of other crimes, wrongs, or acts under Fed.R.Evid. 404(b). Defendants also seek disclosure of the government's intention to use evidence of specific acts of misconduct. *See* Fed.R. Evid. 608(b).

■ Under the Federal Rules of Criminal Procedure, defendants are only entitled to pretrial disclosure of evidence of other crimes that the government intends to introduce in its case-in-chief. *See* Fed.R. Crim.P. 12(d)(2); *United States v. Cole*, 707 F.Supp. 999, 1004 (N.D.Ill.1989). The government is not required to disclose evidence of past crimes or misconduct that will be used on cross-examination or in its rebuttal case. *Cole*, 707 F.Supp. at 1004.

Because the government has agreed to disclose evidence of other crimes one week before trial, defendants' motion for notice of such evidence is denied.

### V. Motion for Preservation of Agents' Notes

Defendants move for an order directing government agents to preserve all notes, rough drafts, or other writings that were prepared during the course of the investigation of this case. The government states that it has instructed its agents to preserve the notes and writings which relate to the investigation. Therefore, defendants' motion is denied as moot.

### VI. Motion for a Hearing on the Admissibility of Coconspirators' Statements

■ At trial, the government intends to introduce into evidence the statements made by certain coconspirators. Under Fed.R.Evid. 801(d)(2)(E), these statements are admissible if the government demonstrates by a preponderance of the evidence that the defendant and the declarant were members of a conspiracy and that the statements were uttered during the course of and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

■ Defendants move for a pretrial hearing on the admissibility of the coconspirators' statements. In response to this

motion, the government states that it will submit a written proffer of proof by October 1, 1990—three weeks prior to trial. Rather than conducting a hearing on the admissibility of the statements, the court will consider the government's proffer. A written proffer certainly can provide a sufficient basis for assessing the admissibility of the coconspirators' statements. Moreover, a proffer has the distinct advantage of promoting judicial economy: witnesses will not have to appear twice and the district court will not be required to expend an excessive amount of time in making the preliminary determination of admissibility. *Andrus*, 775 F.2d at 837; *see also United States v. Boucher*, 796 F.2d 972, 974 (7th Cir.1986). Since the government will submit a proffer well in advance of trial, a hearing is unnecessary. *See Cole*, 707 F.Supp. at 1000.

Based on Fed.R.Evid. 611, defendants also urge the court to dictate the order in which the government should present its evidence at trial. Defendants suggest that the court can safeguard against the admission of hearsay by requiring the government to present all independent evidence of the conspiracy before it introduces the actual statements of the coconspirators. Despite defendants' request, the court will already have ruled on the admissibility of the coconspirators' statements by the time the case goes to trial. Consequently, there is no compelling reason to prescribe the manner in which government presents its evidence. *Id.* at 1001.

### VII. Motions for Severance .

■ After defendants were arrested, law enforcement officials obtained a statement from Padilla in which Padilla incriminated himself and Martin. Medina also gave a statement, which incriminated Martin and Gutierrez.

Both Martin and Gutierrez move for a severance from the trial of Padilla and Medina, contending that their Sixth Amendment right to confrontation will be violated if the government attempts to introduce the incriminating statements made by Padilla and Medina. As an alternative to severing the trial, Martin and Gutierrez request that the statements be redacted to obliterate not only their names, but any reference to their existence as well. The government acknowledges that before it introduces the statements against Padilla and Medina, the statements must be redacted to eliminate any reference to Martin or Gutierrez. However, the government argues that it is only required to delete any reference to defendants' names, and not all references to their existence.

In *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987), the Supreme Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to her existence." In reaching this decision, the Supreme Court expressed no opinion regarding the admissibility of a statement in which the defendant's name has been deleted and replaced with a neutral pronoun or symbol. *Id.* at 211 n. 5, 107 S.Ct. at 1709 n. 5. Nonetheless, the Seventh Circuit has ruled that a statement is admissible if the defendant's name is replaced with "another person." *See United States v. Myers*, 892 F.2d 642, 647 (7th Cir.1990). As long as the statement is not incriminating to the defendant on its face, see *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the admission of the statement, along with a proper limiting instruction, will not violate the Sixth Amendment.

In certain cases, it may be preferable to redact the confession to eliminate any reference to the particular defendant's existence. But in this case, as in *Myers*, deleting all references to defendants would render the statements utterly confusing in light of the fact that the transaction involved several individuals. *See Myers*, 892 F.2d at 647–48. To avoid confusion, the court will not require the government to delete all references to the existence of Martin and Gutierrez. Instead, the government may replace defendants' names with a neutral pronoun so that the statements

do not identify or otherwise connect Martin and Gutierrez with the alleged drug transaction.

CONCLUSION

To the extent that defendant Martin's pretrial motions apply to codefendants Gutierrez and Medina, the court grants the motions to adopt of Gutierrez and Medina. In addition, the court grants defendants' motion to compel disclosure of the existence and identity of government informants. Based on the government's representation that it will fully comply with the mandate of *Brady*, defendants' motion for disclosure of favorable evidence is denied. Defendants' motion for notice of the government's intention to use other crimes, wrongs, or acts evidence is also denied. The court denies defendants' motion for preservation of agents' notes because the government has already taken steps to preserve the notes. Furthermore, the court denies defendants' motion for a pretrial hearing on the admissibility of coconspirators' statements. Rather than conducting a hearing, the court will accept the government's proffer of proof. Finally, the court denies defendants' motions for a severance. As an alternative to severing the trial, the court orders the government to redact the statements of Padilla and Medina.

IT IS SO ORDERED.