**UNITED STATES of America, Plaintiff,**

v.

**Santos VALLES, Defendant.**

**No. 77 CR 507.**

United States District Court,
N.D. Illinois, E.D.

March 28, 1991.

certain of these motions are moot. The remainder are granted or denied for the reasons stated below.

## I. Motion to Preserve Agents' Notes

First, defendant requests that government agents and local investigative personnel be required to retain and preserve all notes taken during the course of the investigation. The government indicates that it will direct all agents to preserve their notes relating to witnesses that the government intends to call at trial. The court finds that the government's obligation reaches further. All of the agents' notes should be preserved, not just those related to testifying witnesses. Therefore, the court orders that all notes taken by government agents during the course of the investigation be preserved. Defendant's motion is granted.

## II. Motion for Disclosure of "Other Crimes, Wrongs or Acts" Evidence

Defendant next asks that the government disclose evidence of "other crimes, wrongs, or acts" of defendant Valles that the government intends to use at trial pursuant to Fed.R.Evid. 404(b). From the tone of its response, it appears that the government has not yet determined if such evidence will be introduced. However, in the event that it intends to use 404(b) evidence, the government has stated that it will provide specific details about the evidence to both opposing counsel and the court prior to trial. Because of this promised disclosure, defendant's motion is moot.

## III. Motion for Disclosure of "Specific Instances of Conduct" Evidence

In addition to any 404(b) evidence, defendant asks for disclosure of any Fed.R. Evid. 608(b) evidence which the government intends to introduce at trial. Essentially, defendant is asking that the government disclose specific instances of conduct by defendant Valles that the government intends to inquire about on cross-examination. Fed.R.Crim.P. 12(d)(2), however, makes clear that a defendant may only request notification of evidence that the

Fred L. Foreman, U.S. Atty. by Robert S. Rivkin, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Terence F. MacCarthy, Federal Defender Program by Camille B. Conway, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

A number of discovery motions have been brought before the court by defendant Santos Valles. The court finds that

government intends to use in its case-in-chief. "The government is not required to disclose evidence of past crimes or misconduct that it intends to use on cross-examination or in its rebuttal case." *United States v. Dominguez,* 131 F.R.D. 556, 557 (N.D.Ill.1990); *United States v. Cole,* 707 F.Supp. 999, 1004 (N.D.Ill.1989). Therefore, defendant is limited to discovery of "other crimes and acts" evidence contained in the government's case-in-chief, if the government decides to use such information. With respect to all other specific conduct evidence, defendant's motion is denied.

### IV. Motion for Disclosure of *Brady* Material

Defendant adopts his codefendant's motion which seeks disclosure of any materials falling under the tenets of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As the government is aware, it is under a continuing obligation to provide exculpatory evidence to the defendant as it becomes known. The court orders that the government comply with this obligation.

### V. Motion for Disclosure of *Giglio* Material

■ Defendant also requests that impeachment evidence falling under *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) be disclosed before trial. Specifically, defendant seeks information about any inducements made to a codefendant. Should this codefendant testify at trial, such inducements would be relevant impeachment material. Defendant's request for disclosure of such information before trial is reasonable considering defendant's trial preparation needs. The government has agreed to provide all *Giglio* information concerning the codefendant before trial, if the codefendant is to testify at trial. The court orders that the information be disclosed at least seven days before trial if the codefendant is to testify at trial.

### VI. Motion for *Santiago* Hearing

■ Finally, defendant asks for a hearing under *United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978), to determine the admissibility of any coconspirator statements the government plans to introduce. The court is required to make a determination regarding the admissibility of coconspirator statements. The court must decide if the "declarant and the defendant were members of a conspiracy when the hearsay statement was made", and if the "statement was [made] in furtherance of the conspiracy." *United States v. Santiago,* 582 F.2d 1128, 1134 (7th Cir.1978) (quoting *United States v. Petrozziello,* 548 F.2d 20, 23 (1st Cir.1977)). It is not necessary, though, for the court to hold a hearing to make these determinations. The Seventh Circuit has given courts the alternative of requiring that the government present a *Santiago* proffer outlining proof that will be introduced at trial regarding the statements and conspiracy which will support their admission. Based on this proffer, the court decides whether *Santiago* is satisfied. And, at the close of evidence, the court determines whether the evidence presented at trial substantiated the proffer. *United States v. Andrus,* 775 F.2d 825, 837 (7th Cir.1985); *United States v. Boucher,* 796 F.2d 972, 974 (7th Cir.1986). The court chooses the proffer alternative. Should the government seek to admit coconspirator statements, the government is asked to provide a proffer containing an "adequate basis for assessing the admissibility of coconspirators' statements" (*Cole,* 707 F.Supp. at 1000) to both opposing counsel and the court at least seven days before trial.

IT IS SO ORDERED.