DECISION
This matter is before the court on defendant, Charles Fuller's (defendant) motion to compel disclosure of a summary of all prior occasions that Frank Calenda cooperated with state authorities, including:
 1) the dates of said cooperation;
 2) the relevant criminal case names;
 3) a summary of the nature of Calenda's cooperation;
 4) whether Calenda testified at any hearing or trial transcribed by stenographic or electronic equipment;
 5) all promises, inducements and rewards offered or delivered as a result of said cooperation;
6) copies of all cooperation agreements entered into by Calenda with the state;
 7) whether or not Calenda violated the terms and conditions of said cooperation agreements.
The facts insofar as pertinent follow.
 Facts/Travel
The Statewide Grand Jury indicted defendant for the murder of his girlfriend's son, Brandon Arnold. The court subsequently arraigned the defendant on October 25, 1999. During the pre-trial discovery process the State notified the defendant of its intention to call Frank Calenda as a witness at trial. The State provided the defendant with copies of Mr. Calenda's statement and the cooperation agreement into which he had entered with the State. The defendant responded by filing the instant motion.
 Discussion
Defendant argues that the disclosure of any prior instances in which Mr. Calenda acted as a cooperating witness is required under Rule 16 of the Superior Court Rules of Criminal Procedure as well as the principles enunciated in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The State contends that neither Rule 16 of the Superior Court Rules of Criminal Procedure nor Brady compels the State to provide the defendant with details of Mr. Calenda's cooperation with law enforcement agencies in unrelated cases. Furthermore, the State asserts that the defendant's request is unduly burdensome, and that this court must consider the impact of the government-informant privilege on this motion.
 The Brady Principles
Defendant contends that the principles of Brady require the disclosure of the requested information because it constitutes exculpatory or impeachment evidence that is material to the outcome of the case. The State counters that the requested information would not be admissible at trial; therefore, Brady does not require the State to provide it to the defendant.
On the issue of admissibility, the State argues that any details of Mr. Calenda's alleged prior cooperation with authorities are irrelevant and immaterial to this case. See R.I. R. Evid. 401.
Additionally, the State points out that the requested information would not be allowed for general impeachment purposes. See R.I. R. Evid. 608. Finally, the State maintains that, even if this court were to determine that evidence of Mr. Calenda's alleged prior cooperation is relevant, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. See R.I. R. Evid. 403. Before reaching the admissibility question, this court turns to the Rhode Island Supreme Court's opinion in State v. DiPrete, 710 A.2d 1266 (R.I. 1998), addressing the Brady principles.
In DiPrete, after tracing the development of the Brady principles from the original case through its Rhode Island implementation, the Rhode Island Supreme Court stated:
 "All the foregoing cases indicate beyond doubt that the Brady principles have no relevance to pretrial discovery. Under Brady the denial of due process is ripe for consideration only in the event that an accused has been convicted of an offense in circumstances in which the nondisclosure of exculpatory or impeaching evidence was deliberate or, when viewed in the context of the totality of the state's proof in the case, would have a material effect upon the outcome or would create a significant chance that such exculpatory or impeaching evidence in the hands of skilled counsel would have created a reasonable doubt in the minds of the jurors. In sum the Brady doctrine creates a post-trial remedy and not a pretrial remedy. . . ." DiPrete, 710 A.2d at 1271.
Though defendant draws this Court's attention to State v. Oliveria,576 A.2d 111 (R.I. 1990) (holding that, in a sexual assault case, a complaining witness's prior allegations of assault against either the defendant or a third party are admissible at trial)), this court recognizes that the Brady principles regarding the effect of the nondisclosure of exculpatory or impeaching evidence provide a post-trial remedy that is not applicable to pretrial discovery. Cf. State v. Musumeci, 717 A.2d 56 (R.I. 1998) (holding that the "abuse of discretion" standard rather than the "no authority" standard enunciated in DiPrete, 710 A.2d at 1274, "is the proper one in reviewing a Superior Court justice's decision to impose sanctions for the prosecution's discovery noncompliance. . . ." Musumeci, 717 A.2d at 29.))
Consequently, defendant's pretrial motion is not supported under the Brady principles as implemented in Rhode Island. See DiPrete,710 A.2d 1266 (R.I. 1998); see also Musumeci, 717 A.2d 56 (R.I. 1998)). Therefore, it is unnecessary for this court to determine the probable admissibility of the requested information.
 Rule 16 of the Superior Court Rules of Criminal Procedure
Defendant points out that Rhode Island's Rule 16 has been called one of the most liberal discovery mechanisms in the United States. See State v. Gomes, 604 A.2d 1249 (R.I. 1992). Also, defendant notes that the purpose of this rule is to eliminate surprise and procedural prejudice at trial.
See State v. Wilson, 568 A.2d 764 (R.I. 1990). The State observes that there is no general constitutional right to discovery in criminal cases. See State v. Coelho, 454 A.2d 241, 244 (R.I. 1983). While Rule 16 requires the State to provide the defendant with a witness's name, address, statement and record of prior convictions, the State contends that the rule does not compel the State to inform the defendant about any cooperation with law enforcement agencies in unrelated cases.
The plain language of Rule 16 does not specifically require disclosure of the requested information. See Super. R. Crim. P. 16. Interpreting the scope of Rule 16's provisions in State v. Brown, 709 A.2d 465 (R.I. 1998), the Supreme Court held that "[Brown] was not entitled to obtain the requested information during the pretrial discovery phase of this prosecution." Id. at 465 (sexual assault against a minor case). In reviewing the denial of Brown's pretrial motion to compel the State to produce the names and addresses of physicians who may have treated or examined complainant, the Supreme Court noted that "[o]ther than prior recorded statements or a summary of the witness's expected trial testimony, under Rule 16 `the only records the state is required to produce [pertaining to a prospective prosecution witness] are those regarding prior convictions.'" Id. (quoting State v. Kelly, 554 A.2d 632, 635 (R.I. 1989)).
Defendant urges this court to rely upon authority from other jurisdictions. In particular, defendant suggests Jimenez v. State,918 P.2d 687 (Nev. 1996) in which the Supreme Court of Nevada held that the "prosecution's failure to disclose information regarding informant's associations with police in other cases violated [Jimenez's] due process rights." Id. Also, defendant cites U.S. v. Cole, 707 F. Supp. 999
(N.D.Ill. 1989). The Cole court stated in part: ". . . The government should at least inform defendants of all previous occasions on which the witnesses testified for the government. . . ." Alternatively, the defendant mentions Thompson v. Calderon, 120 F.3d 1045, 1053 (9th Cir. 1997) (reversed on other grounds, 118 S.Ct. 1489 (1998)) where the Ninth Circuit ruled that the failure to request discovery from the state regarding an informant's prior cooperation with the government constituted ineffective assistance of counsel.
On balance however, this court finds that the interpretation given to Rule 16 by our Supreme Court in Brown, supra, is clear and controlling. Hence, defendant's pretrial motion is not supported under Rule 16 of the Superior Court Rules of Criminal Procedure.
 Unduly Burdensome Request for Discovery
The State argues that defendant's request for disclosure in the instant motion is over broad and would be unduly burdensome to fulfill. In examining the breadth of defendant's request, this court once again looks to Brown in which the Supreme Court held that Brown's "request was overbroad in regard both to the period covered, which included fourteen months after the alleged abuse stopped, and as to the types of medical treatments and examinations requested." Brown, 709 A.2d at 465.
Considering the boundless period of time and seemingly endless volume of information covered by defendant's request, this court finds the request to be over broad in nature and unduly burdensome upon the State. See Colvin v. Lekas, 731 A.2d 718 (R.I. 1999) (recognizing that "[i]n granting or denying discovery motions, a Superior Court justice has broad discretion")); see also Super. R. Civ. P. 26.
 The Government-Informant Privilege
Though this court recognizes the strong public policy supporting the government-informant privilege, it is not necessary to discuss that legal principle in deciding the instant motion.
 Conclusion
Accordingly, after reviewing the motion, the objection and the memoranda submitted thereupon, this Court finds that neither the Brady principles nor Rule 16 compel the State to disclose a summary of all prior occasions that Mr. Calenda may have cooperated with State authorities.
Counsel shall prepare an appropriate order for entry.