UNITED STATES of America, Appellee,

v.

Jorge Eliecer AGUDELO,
Defendant, Appellant.

No. 90–1465.

United States Court of Appeals,
First Circuit.

Heard Feb. 1, 1993.

Decided March 18, 1993.

**286**

Charles W. Rankin, with whom Rankin & Sultan was on brief, for defendant, appellant.

Brian T. O'Connor, Asst. U.S. Atty., with whom A. John Pappalardo, U.S. Atty., was on brief, for appellee.

Before SELYA, Circuit Judge, BAILEY ALDRICH, Senior Circuit Judge, and CYR, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Defendant Jorge Eliecer Agudelo appeals from his November 29, 1989 conviction for possession with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), and for conspiracy to do the same. 21 U.S.C. § 846. Three co-defendants, Hildardo Alvarez, Antonio Palacio Calle, and Jorge Ivan Berrio–Londono were also so charged. The jury convicted Alvarez, but the district court directed mistrials for Calle and Berrio–Londono after

the jury failed to reach a verdict.[1]  On appeal, Agudelo alleges that the court erred in allowing Special Agent Lemon to testify regarding a 1986 seizure of cash from the defendant and in allowing him to provide expert opinion testimony on the same. We affirm.

The story, taking it most favorably to the government, *United States v. Echeverri*, 982 F.2d 675 (1st Cir.1993), unfolds as follows. Drug Enforcement Administration ("DEA") agents learned that a Lear jet had been hired to fly empty from Detroit to Boston to pick up several passengers. The itinerary called for a limousine to pick up the passengers at room 160 of a local Holiday Inn, the driver to ask for Steve. Upon arrival at Logan Airport the pilot presented the $4,000 rental fee to the agents, and their trained dog alerted to a narcotics residue. The DEA agents replaced the limousine driver with police Sgt. Tomassi, who proceeded to room 160 and knocked. Agudelo opened the door, and the three co-defendants were inside. Walking down the corridor to leave, Agudelo told Alvarez to "go get the bag," and Alvarez left by a side exit while the others proceeded to the limousine outside the main entrance. On their reaching it Agudelo and the other two co-defendants were confronted by the agents, and Alvarez was thereafter met carrying a partially unzipped duffel bag. Inside were 12 kilograms of cocaine in wrapped packages. Investigation showed that the hotel room had been checked into by Calle and Berrio–Londono at 8 p.m. that evening. A search found it empty but for a scrap of paper with Alvarez's phone number.

After his arrest, Agudelo told the police that Calle and Berrio–Londono were soccer friends whom he had not seen for years until a happenstance encounter earlier that afternoon. He added that he had agreed to meet them at the hotel just to "say hello and bye-bye." This explanation was contradicted by boarding passes found on Calle and Berrio–Londono for the 6 p.m.

---

**1.** Calle has since pleaded and Berrio–Londono has been tried and convicted. *United States v. Berrio–Londono,* 946 F.2d 158 (1st Cir.1991),   *cert. denied,* —— U.S. ——, 112 S.Ct. 1223, 117 L.Ed.2d 459 (1992).

Trump Shuttle from New York to Boston. These were verified by a Trump Shuttle recordkeeper who also provided their validated flight coupons.

At trial, DEA Special Agent Lemon testified, over objection, regarding his seizing $50,000 cash from Agudelo in 1986. Lemon testified that as Agudelo was passing through the airport security clearance area, Lemon stopped and questioned him. Agudelo responded that he carried $500 in cash, but, after a search, Lemon found $50,000 in small denomination bills in his clothing and gym bag. Agudelo then claimed that he had received the money from a Rafael Sanchez at a restaurant, though he could not provide the name or location of the restaurant or Sanchez's phone number. A dog trained in drug detection "alerted" to the presence of unidentified drug traces on the money. It was seized and ultimately forfeited when Agudelo, even though he had been given a receipt, failed to apply for its return. Again over objection, Agent Lemon testified that he believed the cash was "proceeds from a drug transaction." Counsel for Agudelo declined the district court's offer to provide a limiting instruction.

■ To be admissible, evidence of a prior conviction or other wrongdoing under Fed. R.Evid. 404(b)[2] must survive a two part test. First, the past incident must have some relevance other than to show the defendant's character or propensity to commit the crime. *United States v. Ferrer–Cruz*, 899 F.2d 135, 137 (1st Cir.1990). Second, even if specially relevant, the danger of prejudice cannot substantially outweigh the probative value of the evidence. *Id.* at 138; Fed.R.Evid. 403.

■ The special relevance question has arisen numerous times in relation to a defendant's claim that he was unaware of drugs stored in a variety of mundane or, hopefully, secret places, including defendants' car trunk,[3] car floor,[4] checked or carry-on baggage,[5] or under his chicken coop and frozen dog food.[6] For a recent collection of cases *see United States v. Arias–Montoya*, 967 F.2d 708 (1st Cir. 1992). It is true that the circumstances in 1986 and the present are widely different, but, if the jury believed defendant had been in a drug transaction then, this might cast substantial doubt on his denial of control over the commandeered bag. *United States v. Nickens*, 955 F.2d 112, 124 (1st Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 108, 121 L.Ed.2d 66 (1992). This was not a case of drugs hidden where a defendant might readily claim ignorance. Shedding this light outweighs any resulting unfair prejudice. Correspondingly, if the jury did not give an unfavorable interpretation to the 1986 evidence it would not have been prejudicial.

■ We reject the government's claim that the 1986 evidence was admissible simply on the issue of impeachment, to contradict defendant's 1989 denial that he had ever been found to have $50,000 on his person. Fed.R.Evid. 608(b). However, on the broader issue, we think the jury could have found that the 1986 incident cast light on defendant's intent in 1989.

■ This sharpens up, however, defendant's objection to the admission of the agent's opinion that the 1986 $50,000 "was proceeds from a drug transaction." While expert opinion is, of course, admissible on such an issue, normally the expert should have some special qualifications or knowledge that would cause his opinion to add something of value. Fed.R.Evid. 702. Here we see nothing; there was, for example, nothing in the trade that he interpreted or illuminated. *See United States v.*

---

**2.** "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident...."

**3.** *E.g., United States v. Arias–Montoya, post.*

**4.** *E.g., United States v. Ferrer–Cruz, ante.*

**5.** *E.g., United States v. Nickens, post; United States v. Simon*, 842 F.2d 552 (1st Cir.1988).

**6.** *United States v. Moccia*, 681 F.2d 61 (1st Cir. 1982).

*Echeverri, ante,* and cases cited. The admission was error.

Although with some hesitation,[7] we have concluded that it was not prejudicial. We agree with defendant that a jury, if it finds an expert credible, may believe he had special grounds for his opinion. Here there was no suggestion that he had such. The witness had stated the full basis for his conclusion, which the jury knew, equally: the dog's alert, and the singularly powerful fact that defendant was willing to forego asking for the $50,000's return. Under the circumstances we regard the agent's opinion as merely cumulative, and adding nothing substantial.

Finding no prejudicial error, we affirm.

---

**7.** This is not to forget our complaint in *United States v. Williams,* 985 F.2d 634 (1st Cir.1993), about giving the government two bites at the apple: push for evidence believed to be damning, and then say it was meaningless.