USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2182 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. HECTOR H. TUESTA-TORO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Kevin G. Little for appellant. _______________ Jose A. Quiles Espinosa, Senior Litigation Counsel, with whom _________________________ Guillermo Gil, United States Attorney, and Warren Vazquez, Assistant _____________ ______________ United States Attorney, were on brief for appellee. ____________________ July 25, 1994 ____________________ CYR, Circuit Judge. Following a three-day trial, a CYR, Circuit Judge. _____________ jury returned guilty verdicts on four drug-related charges against defendant-appellant Hector H. Tuesta Toro ("Tuesta"), who was sentenced to serve 128 months in prison, and this appeal ensued. Finding no reversible error, we affirm. I I FACTS FACTS _____ We set out the salient facts in the light most favor- able to the verdicts. United States v. Tejeda, 974 F.2d 210, 212 _____________ ______ (1st Cir. 1992). On September 2, 1992, after receiving informa- tion from a confidential informant ("CI") that Tuesta and code- fendant Carlos Martinez Diaz ("Martinez") were distributing large quantities of cocaine in the San Juan metropolitan area, the United States Drug Enforcement Administration ("DEA") recorded telephone conversations during which Martinez agreed to sell the CI five kilograms of cocaine at $16,500 per kilogram and identi- fied Tuesta as his source. Martinez in turn spoke with Tuesta by cellular phone in order to establish the price and quantity of the cocaine to be sold to the CI and the site of the drug trans- action, but then lost phone contact with Tuesta. The next day Martinez advised the CI by phone that a one-kilogram transaction (rather than the five-kilogram transac- tion discussed the day before) would take place that afternoon, but that Tuesta did not wish to be seen by the buyer. Martinez reestablished telephone contact with Tuesta at 2:40 in the 2 afternoon. En route to the scene of the transaction, Martinez noted that Tuesta was carrying a gun and more than one kilogram of cocaine. At Tuesta's instruction, Martinez parked their vehicle so that Tuesta could witness the drug deal without being observed. Martinez then exited the car and delivered the cocaine to the CI, who was accompanied by an undercover DEA agent. Shortly thereafter, Martinez and Tuesta were arrested and charged with possessing cocaine, with intent to distribute, see 21 U.S.C. 841(a)(1), 18 U.S.C. 2; carrying a firearm ___ during and in relation to a drug trafficking offense, see id. ___ ___ 942(c)(1), 2; and with two counts of using a communication facility to facilitate a drug trafficking offense, see 21 U.S.C. ___ 843(b), 18 U.S.C. 2. Martinez eventually entered into a plea agreement with the government and testified against Tuesta at trial. Following Tuesta's conviction on all counts, he was sentenced to 128 months' imprisonment. II II DISCUSSION DISCUSSION __________ A. Evidence Rule 404(b) A. Evidence Rule 404(b) ____________________ Prior to trial, Tuesta filed an omnibus motion to compel discovery which included the following request: [a]ll confessions, admissions and statements __________ to the United States Attorney, or any law enforcement agent, made by any other person, ____ __ ___ _____ ______ whether indicted or not, that in any way ____ __ ___ ___ exculpate, inculpate or refer to the defen- _____ __ ___ ______ dant, whether or not such confessions, admis- ____ _______ __ ___ ____ 3 sions and statements have been reduced to __________ ____ ____ _______ __ writing. _______ (Emphasis added.) The motion made no mention of Rule 404(b) or "other wrongful acts" evidence. The government responded that it intended to pursue an "open file" discovery policy and that only government agents would be called to testify against Tuesta. Following the govern- ment's response, however, Martinez entered into a plea agreement which provided that he would testify against Tuesta. Except as discussed below, Tuesta did not claim surprise. At trial, the defense objected when the government asked Martinez how he knew Tuesta. The government responded that Martinez would testify to prior drug dealings with Tuesta. Tuesta objected on the ground that he had not been afforded pretrial notification of the government's intention to use Rule 404(b) evidence. The court admitted the evidence for the limited purpose of refuting Tuesta's "mere presence" defense, see United ___ ______ States v. Hernandez, 995 F.2d 307, 314 (1st Cir.), cert. denied, ______ _________ _____ ______ 114 S. Ct. 407 (1993), after ruling that its probative value was not substantially outweighed by the danger of unfair prejudice, see Fed. R. Evid. 403. The court, acting sua sponte, gave the ___ ___ ______ jury a contemporaneous limiting instruction. 1. The Notification Requirement of Rule 404(b) 1. The Notification Requirement of Rule 404(b) ___________________________________________ Tuesta first contends that the "other wrongful acts" evidence introduced through codefendant Martinez should have been excluded because the government failed to provide the pretrial 4 notification required by Evidence Rule 404(b) in response to Tuesta's omnibus motion for discovery. The government maintains that Tuesta made no cognizable Rule 404(b) request prior to trial. The question presented is one of first impression: how particular must a pretrial discovery request be in order to trigger the government's responsibility to disclose Rule 404(b) evidence as a precondition to its use at trial? Rule 404(b), as amended in 1991, provides in relevant part: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, know- ledge, identity or absence of mistake or accident, provided that upon request by the ________ ____ ____ _______ __ ___ accused, the prosecution in a criminal case ________ ___ ___________ __ _ ________ ____ shall provide reasonable notice in advance of _____ _______ __________ ______ __ _______ __ trial . . . of the general nature of any such _____ __ ___ _______ ______ __ ___ ____ evidence it intends to introduce at trial. ________ __ _______ __ _________ __ ______ Fed. R. Evid. 404(b) (emphasis added). As the rule speaks only of a "request by the accused" and the duty of the prosecution to provide reasonable pretrial notification "of the general nature of any such evidence it intends to introduce at trial," id., we ___ turn elsewhere for guidance. The advisory committee's notes to the 1991 amendment define the responsibilities of the respective parties in request- ing and affording pretrial notification under Rule 404(b): "The amendment to Rule 404(b) . . . . expects that counsel for . . . the defense . . . will submit the necessary request . . . in a ___ _______ reasonable and timely manner." Fed. R. Evid. 404(b) advisory __________ 5 committee's notes (1991 amendment) (emphasis added). The adviso- ry committee note simply confirms the requirement implicit in the rule itself that the defense must submit, "in a reasonable and timely manner," its request for pretrial notification of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial for purposes of proving "motive, intent, preparation, plan, knowledge, identity or absence of mistake or accident," Fed. R. Evid. 404(b). We think it beyond question, therefore, that a "reasonable" request for notification, at a minimum, must be sufficiently clear and particular, in an objective sense, fairly to alert the prosecu- tion that the defense is requesting pretrial notification of the general nature of any Rule 404(b) evidence the prosecution intends to introduce. An overbroad pretrial request, like the present for "confessions, admissions and statements . . . that in any way exculpate, inculpate or refer to the defendant" is insuffi- ciently specific at the very least, if not misleading. Cf. ___ United States v. Carrasquillo-Plaza, 873 F.2d at 10, 12 (1st Cir. _____________ __________________ 1989) (noting that overbroad discovery requests, absent a specif- ic showing of materiality, do not afford the prosecution proper notice in analogous Rule 16 context); United States v. Hemmer, _____________ ______ 729 F.2d 10, 14-15 (1st Cir.) (same), cert. denied, 467 U.S. 1218 _____ ______ (1984). The omnibus motion submitted by Tuesta made no discern- ible reference to anything resembling "other wrongful acts" evidence nor did it request mere notification of the general 6 nature of any such evidence. Rather, it demanded outright pretrial disclosure of statements in any form, referring to the defendant in any way, without regard to their admissibility or the government's intention to introduce them.1 See Fed. R. ___ Evid. 404(b); cf., United States v. Williams, 792 F. Supp. 1120, ; ___ _____________ ________ 1133 (S.D. Ind. 1992) (notification required in response to detailed request reciting text of Rule 404(b)); United States v. _____________ Alex, 791 F. Supp. 723, 728 (N.D. Ill. 1992) (similar; request ____ specifically referencing Rule 404(b)). Accordingly, at a minimum the defense must present a timely request sufficiently clear and particular, in an objective sense, to fairly alert the prosecution that the defense is invoking its specific right to pretrial notification of the general nature of all Rule 404(b) evidence the prosecution intends to introduce at trial. The rule we describe will bring pretrial practice under Rule 404(b) in line with circuit prece- dent governing the prosecution's duty to provide discovery material under Federal Rule of Criminal Procedure 16. Cf. Fed. ___ R. Evid. 404(b) advisory committee's notes (1991 amendment) (noting that amended rule "places Rule 404(b) in the mainstream __________ with notice and disclosure provisions in other rules of evidence" __ _____ _____ __ ________ but was not intended to impose on government a greater disclosure ____________________ 1As a further condition precedent to the government's duty, we note that Rule 404(b) seemingly requires pretrial notification only of "other wrongful acts" evidence which the government presently intends, as of the time the government responds to the __ __ ___ ____ ___ __________ ________ __ ___ request, to introduce at trial. The present appeal neither _______ requires that we determine the point nor consider its ramifica- tions. 7 burden than "currently . . . required . . . under [Fed. R. Crim. P.] 16") (emphasis added). See also supra note 1. ___ ____ _____ 8 2. Admission of 404(b) Evidence at Trial 2. Admission of 404(b) Evidence at Trial _____________________________________ Next, Tuesta contends that it was reversible error to admit the Martinez testimony to rebut Tuesta's "mere presence" defense. These evidentiary rulings normally are reviewed for abuse of discretion. United States v. Figueroa, 976 F.2d 1446, _____________ ________ 1454 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993). As _____ ______ Tuesta made no contemporaneous objection, however, we review for "plain error," id. at 1453, and will reverse only if the error ___ "seriously affect[ed] the fundamental fairness and basic integri- ty of the proceedings," United States v. Carty, 993 F.2d 1005, ______________ _____ 1012 n.9 (1st Cir. 1993). A Rule 404(b) proffer must undergo a two-step inquiry: First, under the "absolute bar" of Rule 404(b), the evidence is inadmissible if rele- vant solely to show the defendant's character or propensity for criminal conduct; it must have some "special relevance" to a material issue such as motive, opportunity, intent, preparation, plan or knowledge. Second, under Rule 403, the trial court must satisfy itself that the probative value of the evi- dence is not substantially outweighed by the danger of unfair prejudice, confusion or undue delay. Id. at 1011 (citations omitted). The district court admitted the ___ Martinez testimony relating to prior drug deals with Tuesta for the limited purpose of refuting Tuesta's "mere presence" defense that he was at the drug scene by "mistake." Fed. R. Evid. 404(b) (evidence admissible to prove, inter alia, knowledge, intent, _____ ____ absence of mistake); Carty, 993 F.2d at 1011 (prior drug-dealing _____ evidence admitted where defendant raised "mere presence" de- fense); United States v. Agudelo, 988 F.2d 285, 287 (1st Cir. _____________ _______ 9 1993) (same). Further, after the district court ruled that the probative value of the evidence outweighed any "danger of unfair prejudice," Fed. R. Evid. 403, it minimized the potential for prejudice with a contemporaneous limiting instruction, which it reiterated in the final charge. See Tejeda, 974 F.2d at 214. We ___ ______ discern no error, plain or otherwise. B. Use of Communication Facility to Effect Drug Crime B. Use of Communication Facility to Effect Drug Crime __________________________________________________ Tuesta challenges the guilty verdicts on counts three and four, on the grounds that the district court misinterpreted 18 U.S.C. 2 and that there was insufficient evidence that he aided and abetted Martinez in the use of a communication facility to effect the cocaine transaction, see 21 U.S.C. 843(b). We ___ disagree. Section 843(b) prohibits use of a communication facili- ty to cause or facilitate a felonious drug offense. See United ___ ______ States v. Cordero, 668 F.2d 32, 43 (1st Cir. 1981). Tuesta's ______ _______ challenge to the sufficiency of the evidence requires that "[w]e view the evidence in the light most favorable to the verdict, in order to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt. All reasonable inferences are drawn in favor of the verdict and any credibility determina- tion must be compatible with the judgment of conviction." Tejeda, ______ 974 F.2d at 212 (citations omitted). The jury was entitled to credit Martinez's testimony that he telephoned Tuesta, on September 2 and 3, 1992, to arrange the time and place at which the cocaine transaction would occur, 10 as well as the price and quantity of cocaine. No more was required. Thus, even if Tuesta had played no part in the two telephone conversations between Martinez and the CI, the jury _______ ________ ___ ___ __ rationally could have inferred, from the two telephone conversa- tions between Martinez and Tuesta, that Tuesta knowingly used a _______ ________ ___ ______ communication facility to effect the cocaine deal.2 C. "Background" Hearsay C. "Background" Hearsay ___________________ A DEA agent testified that during a debriefing session the CI stated that Martinez acted in behalf of Tuesta in setting up cocaine deals. Tuesta contends that admission of this hearsay testimony, over timely objection, was error. We agree. As the government conceded at oral argument, the agent's testimony purported to relate an out-of-court statement by the CI offered for the sole purpose of proving the truth of ____ the matter asserted (i.e., Tuesta's role in the instant offens- ____ es). See Fed. R. Evid. 801; cf. Figueroa, 976 F.2d at 1458 ___ ___ ________ (noting that so-called "background" hearsay is not hearsay at all unless introduced to prove the truth of the matter asserted). Thus, its admission constituted error. We conclude, however, that the error was harmless. See id. ___ ___ First, the testimony was cumulative of Martinez's testimony on the same matter. Further, independent admissible ____________________ 2Since the indictment, as well as the jury instruction on the section 843(b) charges, encompassed Tuesta's conduct as a principal and as an aider and abettor, we need not address his contention that he could not be convicted under 18 U.S.C. 2 because there was no evidence that he instructed Martinez to use a communication device to arrange the cocaine sale. 11 evidence confirmed that Tuesta determined the conditions of sale, supplied the cocaine, and witnessed the cocaine exchange from nearby while in possession of a loaded firearm. Thus, "we can say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the [jurors'] judgment was not substantially swayed by the error.'" Id. at 1459 (quoting Kotteakos v. United States, 328 U.S. 750, ___ _________ _____________ 765 (1946) ("harmless error" standard)). D. Ineffective Assistance of Counsel D. Ineffective Assistance of Counsel _________________________________ Next, Tuesta attempts to present an "ineffective assis- tance" claim on direct appeal. As a general rule, we address such Sixth Amendment claims on direct appeal only if "the criti- cal facts are not in dispute and a sufficiently developed record exists." United States v. Jadusingh, 12 F.3d 1162, 1169 (1st Cir. _____________ _________ 1994) (citing United States v. Daniels, 3 F.3d 25, 26-27 (1st ______________ _______ Cir. 1993)). Ordinarily, a collateral proceeding under 28 U.S.C. 2255 is the proper forum for fact-bound ineffective assistance claims. See Jadusingh, 12 F.3d at 1170. Tuesta's contention ___ _________ that trial counsel inexplicably failed to discover the identity of the CI was not raised in the district court and is sufficient- ly fact-bound to preclude effective review on the present record. 12 E. Prosecutorial Misconduct E. Prosecutorial Misconduct ________________________ Tuesta contends that the prosecution improperly vouched for Martinez's testimony during its closing argument.3 In the absence of a contemporaneous objection, we review allegations of prosecutorial misconduct for plain error, and will overturn a jury verdict only "if the government's closing argument 'so poisoned the well' that it is likely that the verdict was affect- ed." United States v. Smith, 982 F.2d 681, 682 (1st Cir. 1993) _____________ _____ (citing United States v. Mejia-Lozano, 829 F.2d 268, 274 (1st ______________ ____________ Cir. 1987)). Any vouching which may have occurred was so faint as to be virtually indiscernible even to the trained ear. We are confident that there is no likelihood that the verdicts were tainted by the alleged prosecutorial misconduct. Id. ___ F. Cumulative Error F. Cumulative Error ________________ As most assignments of error were baseless, we must also reject Tuesta's final contention that the conviction was tainted by cumulative error. See United States v. Barnett, 989 ___ _____________ _______ F.2d 546, 560 (1st Cir.) ("The Constitution entitles a criminal defendant to a fair trial, not a perfect one.") (citing Delaware ________ ____________________ 3Tuesta argues that the prosecutor improperly vouched for Martinez's credibility by stating that "when a person repents and wants to cooperate, we need to present the testimony to the jury so that the jury has the facts at hand." Although he states that there was no evidence that Martinez approached the government and offered to testify, Tuesta concedes that evidence was presented that the plea agreement did not require Martinez to testify. Second, Tuesta contends that the prosecutor's reference to "the facts at hand" placed the government's prestige behind Martinez. 13 v. Van Arsdall, 475 U.S. 673, 681 (1986)), cert. denied, 114 S. ___________ _____ ______ Ct. 148 (1993). G. Sentencing Error G. Sentencing Error ________________ 1. Acceptance of Responsibility 1. Acceptance of Responsibility ____________________________ Tuesta argues that the district court improperly denied a reduction for acceptance of responsibility, see U.S.S.G. ___ 3E1.1, without affording him an adequate opportunity to evince remorse. Tuesta distorts the record. He continued to assert his innocence during a post-conviction interview with the probation officer. At sentencing, the district court twice invited him to _____ accept responsibility, by pointing out that the sentencing hearing would be his last opportunity to do so.4 Nonetheless, though Tuesta asked the court for leniency, he said nothing which might be taken to indicate remorse. Thus, he squandered several opportunities to verbalize acceptance of responsibility, leaving the district court little choice but to adopt a presentence report recommendation that no reduction be allowed. There was no error. 2. Sentencing Enhancement for Managerial Role 2. Sentencing Enhancement for Managerial Role __________________________________________ Finally, Tuesta challenges the two-level enhancement imposed for his managerial role in the offense, see U.S.S.G. ___ ____________________ 4Prior to Tuesta's allocution, the court stated: "I haven't heard any acceptance of responsibility." Moments later, the court said: "Well, you can say some things that may be able to help you; but if you don't say them . . . that's up to you." 14 3B1.1 (1993), which the district court premised in part upon the unusual purity of the cocaine supplied by Tuesta. A defendant's role in the offense must be established by a preponderance of the evidence, see United States v. Sostre, 967 F.2d 728, 731 (1st ___ ______________ ______ Cir. 1992), and the sentencing court's factual findings are reviewed only for clear error, Jadusingh, 12 F.3d at 1169. _________ The exercise of decision-making authority, the degree of participation in planning or organizing the offense, and the degree of control and authority the defendant exercised over others are among the factors to be considered in determining managerial role. See U.S.S.G. 3B1.1, comment (n.4). The record ___ is replete with evidence that Martinez acted at the direction of Tuesta in setting the time and place of the drug transaction, and the price and quantity of the cocaine. United States v. Cronin, _____________ ______ 990 F.2d 663, 665 (1st Cir. 1993) (noting that such evidence supports finding of managerial role.) Additionally, the district court properly relied on the unusual purity of the cocaine (98%) Tuesta supplied to Martinez, as a further ground for inferring that Tuesta performed a managerial role. See United States v. ___ _____________ Iguaran-Palmar, 926 F.2d 7, 9 (1st Cir. 1991). There was no ______________ error. The judgment is affirmed. affirmed ___ ________ __ ________ 15