**UNITED STATES of America, Plaintiff,**

v.

**Gus ALEX, et al., Defendants.**

**No. 91 CR 727.**

United States District Court,
N.D. Illinois, E.D.

April 17, 1992.

See also 788 F.Supp. 359.

Chris C. Gair, Mark J. Vogel, U.S. Attorney's Office, Chicago, Ill., for plaintiff.

Martin S. Agran, Agran & Agran, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for G. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Kenneth H. Hanson, Chicago, Ill., for N. Gio.

## ORDER

ALESIA, District Judge.

Now before the court are various pretrial motions filed by defendant Gus Alex ("Alex"). The government filed a consolidated response. Alex filed a consolidated reply. The court addresses each of the motions separately.

### I. *Motion for Early Return of Trial Subpoenas*

In this motion, Alex seeks an order permitting the early return of trial subpoenas. This motion is granted as the government has no objection. On a related note, to the extent that the defense intends to introduce at trial documents obtained through these subpoenas, they are ordered to provide the government copies of the documents prior to trial. *See* Fed.R.Crim.P. 16(b)(1).

### II. *Motion for Production of Witness List*

In his second request, Alex seeks the names of all testifying government witnesses in advance of trial. This request exceeds the parameters of the Jencks Act and Federal Rule of Criminal Procedure 16. In fact, the government correctly points out that proposals to amend Rule 16 to require the production of witness lists have been rejected. In doing so, the conference

committee expressed concern that requiring disclosure of names of witnesses would discourage witnesses from testifying and lead to "improper contacts directed at influencing their testimony." *United States v. Bouye,* 688 F.2d 471, 475 (7th Cir.1982); *see also United States v. Moore,* 936 F.2d 1508, 1515 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991); *United States v. Napue,* 834 F.2d 1311, 1317 (7th Cir.1987).

In this court's view, the rationale underlying these authorities applies with great force to this case. The indictment in this case charges that the defendants operated the "Lenny Patrick Street Crew" through a pattern of racketeering activity. In fact, the indictment alleges that eleven separate acts of extortion, intimidation or arson were committed against eleven different individuals. After considering the nature of the charges alleged in the indictment, the court denies Alex's request for a witness list.

### III. *Motion for Production of Witness Statements*

■ Next, Alex seeks an order requiring the government to produce one month prior to trial statements of its witnesses it intends to call in its case-in-chief. Once again, this request exceeds the parameters of the Jencks Act. Section 3500(a) provides, in pertinent part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of ... discovery ... until said witness has testified on direct examination...." 18 U.S.C. § 3500(a).

In its consolidated response, the government represents that "absent a specific reason to fear harm to a particular witness," the government will produce to defendants one week prior to trial all statements of witnesses it intends to call in its case-in-

chief. (Government's Response, p. 7.)[1] In his reply, Alex quarrels with the government's position and argues that there is no reason to believe that Alex poses harm to any witness. Moreover, Alex asserts that he will be disadvantaged because he has "no idea how much 3500 material the government intends to hold back." (Alex's Reply, p. 3.) To remedy this situation Alex requests an in chambers hearing to delve into what 3500 material the government plans not to disclose prior to trial.

As previously stated in this opinion, Alex's request exceeds the parameters of the Jencks Act. Notwithstanding this overbroad request, the government represents that it will produce Jencks Act material one week prior to trial except in those situations where it fears harm to a witness. This is more than the government is obligated to do. Therefore, Alex's motion is denied in part because Alex is not entitled to the information requested in advance of trial, and in part as moot.[2]

### IV. *Motion for Preservation and Production of Agents' Notes*

To the extent Alex's motion requests federal agents to preserve their investigative notes, this portion of the motion is denied as moot based on the government's representation that the agents have been instructed to preserve their handwritten notes. Similarly, Alex's request that the prosecutors preserve their interview notes is moot based on the government's representation that they will preserve any interview notes in their possession.

■ Alex also requests that the government preserve all investigative notes of state officers. We deny Alex's request based on the government's representation that it has no such notes in its possession. Equally important, the government cannot

---

1. As the government has no need to fear harm to Lenny Patrick because he is in protective custody, his statements shall be provided to defendants one week prior to trial in accord with the government's representation.

2. Of course, if the government does hold back some Jencks Act material (because of fear of potential harm to a witness) until after direct examination of a witness, Alex is well within his rights to request a recess to examine the witness statements.

be compelled to produce statements in the possession of another sovereign.

Finally, Alex seeks production of all notes which relate to government witnesses under the Jencks Act and *Brady*. Based on the government's representation that it will comply with its obligations under *Brady*, and because Alex merely speculates that these notes contain exculpatory *Brady* material, Alex's request for production of the rough notes on this ground is denied. *United States v. Spann*, 957 F.2d 1391, 1402–03 (7th Cir.1992).

On a related note, Alex requests that any and all investigative notes associated with government witnesses be tendered to the defense when Jencks Act material is produced, or alternatively, tendered to the court for an *in camera* inspection. The court directs the government to submit *in camera* any rough notes made by federal government agents not previously produced to the defendants on April 27, 1992.[3] In tendering these documents to the court for an *in camera* inspection the government shall provide an indexed summary of the documents. *See United States v. Allen*, 798 F.2d 985, 998 (7th Cir.1986). Accordingly, Alex's motion is granted in part and denied in part.

### V. *Motion to Dismiss Count One*

Alex filed a motion to dismiss Count One of the indictment for two reasons. First, he argues that the RICO statute is unconstitutional, vague and overbroad. Second, he argues that Count One fails to state an offense against him because it does not allege that he agreed to commit two or more racketeering acts. Both arguments are wholly without merit.

As an initial matter, we summarily reject Alex's argument that the RICO conspiracy statute is unconstitutional. Numerous authorities have considered and rejected this argument. *United States v. Glecier*, 923 F.2d 496, 497 n. 1 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991); *United States v. Mas-*

*ters*, 924 F.2d 1362, 1367 (7th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991); *United States v. Aleman*, 609 F.2d 298, 305 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Angiulo*, 897 F.2d 1169, 1179–80 (1st Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 130, 112 L.Ed.2d 98 (1990). We do so also.

Next, Alex argues that Count One, which charges a RICO conspiracy, is deficient because it fails to allege that Alex personally agreed to the commission of two or more racketeering acts. In advancing this position Alex concedes, as he must, that *United States v. Neapolitan*, 791 F.2d 489 (7th Cir.), *cert. denied*, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986), specifically rejected this exact argument. Nonetheless, Alex asks us to disregard *Neapolitan*. This we decline to do. Alex's motion to dismiss Count One of the indictment is denied.

### VI. *Motion for A Bill of Particulars*

In his motion for a bill of particulars, Alex seeks a variety of additional information related to the RICO conspiracy count of the indictment. In response, the government argues that with one exception a bill of particulars is unnecessary because the indictment sets forth all the details of the offense charged with ample particularity to enable Alex to prepare his defense.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to order the filing of a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges in the indictment so that he can prepare an adequate defense. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). While the defendant is entitled to know the factual details of the offense with which he is charged, he is not entitled to know the details of how the offense will be proved. *United States v.*

---

**3.** As the government has previously represented that it will produce material pursuant to 18 U.S.C. § 3500 to the defendants in advance of

trial, it will not prejudice the government to submit these documents to the court for an *in camera* inspection.

*Glecier,* 923 F.2d 496, 502 (7th Cir.1991); *United States v. Kendall,* 665 F.2d at 135. Against this backdrop, we briefly address each of Alex's requests.

■ As an initial matter, Alex cites no case law in support of his request for the names of all persons "known" and "unknown" to the grand jury with respect to Count One of the indictment. Equally telling, the government represents that "[t]here are no co-conspirators who were unknown to the grand jury but who have been subsequently discovered by the government." (Government's Response, p. 9.) Accordingly, the court denies Alex's first and second requests.

Similarly, in request number six, Alex demands the names of individuals referred to in paragraphs 21 and 24 of Count One. Once again, Alex cites no case law in support of his request for the names of unindicted co-conspirators. The government has identified unindicted co-conspirator James LaValley. In our view, Alex can adequately prepare for trial without the names of the other co-conspirators. Alex's sixth request is accordingly, denied.

■ In three of his requests Alex seeks, among other things, detailed information regarding dates, places and parties present when he allegedly received a share of extortion proceeds and street tax proceeds collected by the Lenny Patrick Street Crew. In addition, he requests specific information on all occasions when he and others are alleged to have taken acts in furtherance of the conspiracy. In this court's view, Alex seeks evidentiary details exceeding the proper scope of a bill of particulars. We are satisfied that the indictment provides sufficient factual details to adequately inform Alex of the charges he faces. *United States v. McAnderson,* 914 F.2d 934, 946 (7th Cir.1990). Alex's third, fourth and fifth requests are denied.

Finally, in his seventh request Alex seeks the names of all the alleged victims of the extortionate acts allegedly committed by Alex and his co-defendants. This portion of Alex's motion is denied as moot because the government has filed a bill of particulars specifically identifying the names and businesses of the alleged victims.

## VII. *Motion for Pretrial Production of Material Pursuant to the Federal Rules of Evidence*

Alex requests that the court order the government to produce a variety of information in advance of trial as required by the Federal Rules of Evidence. The court addresses each category of documents in turn.

### A. *Motion for Disclosure of "Other Acts" Evidence*

Alex filed a motion which seeks notice of the government's intention to use evidence during cross-examination, its case-in-chief and rebuttal, which is admissible at trial pursuant to Federal Rules of Evidence 404(b) and 608(b). *See* Federal Rule of Criminal Procedure 12(d)(2). Alex requests that such notice be provided sixty days prior to trial.

■ Federal Rule of Evidence 404(b) provides, in relevant part, that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). By its terms, Rule 404(b) only requires the government to disclose the general nature of such evidence in intends to introduce at trial. Alex's demand for specific evidentiary detail including dates, times, places and persons involved is wholly overbroad.

■ In its consolidated response, the government represents that it will disclose to the defense no later than seven days before the trial of this case the "other acts" evidence it intends to introduce at trial. The government makes no mention of whether it intends to introduce any evidence under Rule 608(b). We disagree with Alex's assertion that the amendment to Rule 404(b) may be read to require the government to give notice of "specific instances of conduct" evidence under Rule

608(b) it intends to offer for impeachment purposes. Accordingly, the government is ordered to inform the defendants and the court of Rule 404(b) evidence, if any, it intends to use at trial on or before April 22, 1992.

### B. Data Forming the Basis for Opinion Testimony

 Alex requests that the court order the government to provide him with information relating to lay and expert witnesses, including production of expert's reports and conclusions. In response, the government states that it recognizes its obligation to disclose reports of scientific tests but represents that no such tests have been conducted in this case. (Government's Response, p. 11.) However, out of an overabundance of caution, if such expert reports are generated, the government shall provide the defendants with this information on or before April 27, 1992. *See* Federal Rule of Criminal Procedure 16.

However, the government objects to Alex's request for the disclosure of facts and data underlying expert opinions. The government satisfies its obligations pursuant to Federal Rule of Criminal Procedure 16 by providing the defendants with copies of reports pertaining to the charges against them. *See United States v. Cole,* 707 F.Supp. 999, 1003–04 (N.D.Ill.1989). This portion of Alex's motion is denied.

### C. Motion for Disclosure Under Federal Rules of Evidence 609, 803(24), 804(b)(5) and 1006

 Alex also seeks disclosure of evidence sought to be admitted pursuant to Federal Rules of Evidence 609, 803 and 804. The government responds that it is aware of its obligations under these rules and will comply with them. (Government's Response, p. 11.) Rules 609, 803(24) and 804(b)(5) require notice in advance of trial. The court grants Alex's motion to the extent he seeks notice of evidence under Rule 609 and statements offered pursuant to Federal Rules of Evidence 803(24) and 804(b)(5). The government shall notify the

defendants of such evidence on or before April 27, 1992.

 Alex also asks for copies of charts and summaries, as well as the documents underlying the charts and summaries, sixty days prior to trial pursuant to Federal Rules of Evidence 1006. The government opposes the request to the extent that Alex's demand for production sixty days before trial is not necessary in this case. Furthermore, the government represents that it does not intend to introduce charts summarizing voluminous records into evidence. However, the government does state that it may introduce into evidence charts summarizing non-voluminous records. (Government's Response, pp. 11–12.) If such charts are prepared the government represents that they will be provided to the defense for review before the government attempts to use them at trial. (Government's Response, p. 12.) The court orders that the defendants shall have a reasonable amount of time *prior* to trial to review the materials. The court grants the motion and directs the government to comply with Rule 1006 on or before April 27, 1992.

### VIII. Motion for Disclosure of Impeaching and Exculpatory Information

In this motion, Alex seeks an order compelling the government to disclose a wide array of evidence which is favorable or which will lead to favorable evidence to Alex or bears upon the credibility of any government witness.

 First, to the extent that Alex's requests for information fall within the scope of *Brady,* the government's promise to comply with the dictates of *Brady* renders Alex's motion moot. In fact, in its response the government has acknowledged its continuing obligations under both *Brady* and *Giglio.* Based on these representations, the court denies as moot those portions of Alex's motion which seek to discover exculpatory or impeaching information under the authority of *Brady* and *Giglio* (paragraphs numbered 1, 2, 4, 5, 6, 7, 9, 10, 11, 18, 19 and 22). In addition, the government has promised to produce all

impeaching information within the scope of *Giglio*, except as to any witness who could be endangered by such pretrial disclosure one week prior to trial. (Government's Response, p. 16.) We disagree with the government that this is a valid reason to withhold the production of *Giglio* material. Therefore, the government is directed to provide the defendants with all *Giglio* material on or before April 22, 1992.

Second, the government objects that several of Alex's requests go beyond the parameters of *Brady*. The government specifically objects to Alex's request "for the identity of every person with any 'knowledge of this investigation and indictment,' whether or not the person will be a witness and whether or not the person communicated any exculpatory information." (Government's Response, p. 14.) The court agrees that the information must be material. The court directs the government to disclose all favorable evidence and information which is material impeachment evidence tending to undermine the credibility of any important government witness. This applies to Lenny Patrick. *Barkauskas v. Lane*, 878 F.2d 1031, 1033 (7th Cir. 1989). The government is reminded that any doubt as to whether disclosure is required should be resolved in favor of disclosure. Specifically, the government is ordered to release the names of individuals who indicated that Alex was not involved in the events alleged in the indictment. The government shall provide the defendants with *Brady* and *Giglio* materials on or before April 22, 1992. The motions are accordingly, granted in part and denied in part.

## IX. *Use of Evidence Under Rule 801*

In his motion for disclosure of impeaching and exculpatory information, Alex requests that the government "describe each act and identify each communication which relates to the impeachment of any person upon whose statements the prosecution will rely" under Federal Rules of Evidence 801(d)(2)(C), (D) and (E). (Alex's Motion for Disclosure of Impeaching and Exculpatory Information, p. 6.) The government submitted its written *Santiago* proffer on the superseding indictment. However, in light of Alex's response and Patrick's subsequent plea of guilty, the government is ordered to submit an amended *Santiago* proffer *instanter*. Alex shall file a reply on or before April 21, 1992. Accordingly, this motion is denied as moot.

## CONCLUSION

Alex's motion for early return of trial subpoenas is granted. Alex's motion for production of a witness list is denied. Alex's motion for production of witness statements is denied in part because Alex is not entitled to the information requested in advance of trial, and in part as moot. Alex's motion for preservation of agents' notes is denied as moot. Alex's motion for production of agents' notes is granted to the extent that the government is ordered to tender all rough notes not previously produced to the defendants to the court on April 27, 1992, for an *in camera* inspection. Alex's motion to dismiss Count One of the indictment is denied. Alex's motion for a bill of particulars is denied in part as moot and in part because Alex is not entitled to the information requested. Alex's motion to require notice of Rule 404(b) and Rule 608(b) evidence is granted to the extent that the government is directed to give notice of Rule 404(b) evidence it intends to use on or before April 22, 1992. Alex's motion for data forming the basis for opinion testimony is granted in part and denied in part. The government shall provide the defendants with expert reports, if any, on or before April 27, 1992. Alex's motion for disclosure under Federal Rules of Evidence 609, 803(24) and 804(b)(5) is granted. The government shall notify the defendants of this evidence on or before April 27, 1992. Alex's motion for disclosure of charts and summaries is granted to the extent that the government shall provide defendants with any charts it intends to introduce into evidence on or before April 27, 1992. Alex's motion for disclosure of impeaching and exculpatory information is granted in part and denied in part as moot. The government shall provide the defendants with *Brady* and *Giglio* materials on or before

April 22, 1992. Finally, Alex's motion for disclosure under Federal Rules of Evidence 801(d)(2)(C), (D) and (E) is denied as moot.