UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael BYRON, Defendant–Appellant.

No. 93–1096.

United States Court of Appeals,
Tenth Circuit.

May 25, 1993.

Stephen C. Peters, Asst. U.S. Atty. (James R. Allison, Interim U.S. Atty., and Linda Kaufman, Asst. U.S. Atty., with him on the briefs), Denver, CO, for plaintiff-appellee.

William R. Rapson (Stephen L. Waters with him on the brief), of Robinson, Waters, O'Dorisio and Rapson, P.C., Denver, CO, for defendant-appellant.

Before MOORE, BALDOCK and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an interlocutory appeal from an order of the district court denying a motion to dismiss an indictment and a motion for disclosure of certain grand jury records. Because the issues are posited in the framework of Fed.R.Crim.P. 6(b) & (f), we have assumed without deciding we are obliged by *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 754 (10th Cir.1992), to accept jurisdiction. We conclude as a matter of law the objections raised by the appellant are without foundation and the district court did not abuse its discretion in denying defendant's motion for disclosure of grand jury records.

During the course of the pre-indictment grand jury investigation, Mr. Byron requested and was granted the opportunity to appear before the grand jury to present exculpatory evidence. In a post-indictment affidavit in support of his motions, he asserted that on the day he testified he counted the jurors during a recess and found only fourteen were present. He further claims during the ensuing session two of the jurors fell asleep.

On the basis of these asserted facts, defendant filed his motion to dismiss, contending a quorum of jurors was not present when he testified. He also filed motions for the disclosure of the grand jury attendance and voting records to sustain his claim.

The motions were submitted to the district court with all written submissions, including affidavits of the prosecutor and the Chief Deputy Clerk of the district court as well as a transcript of Mr. Byron's grand jury testimony. Both affidavits attested to the fact that a quorum of grand jurors was in attendance. The transcript contains a statement of the grand jury foreman noting the presence

**748**

of "a quorum" following the recess before resumption of the testimony.

Defendant now claims he was unjustly denied access to the records, and, as a result, could not prove his claim the indictment was invalid. He maintains it is required that at least sixteen grand jurors attend every session, and because he counted only fourteen, two of whom later slept, a quorum did not hear his testimony. He also argues he should have been given access to the voting records so he could determine whether the twelve who heard his exculpatory evidence voted to return the indictment.

The underlying legal predicate to defendant's case is without foundation. Mr. Byron's postulate is that a session of the grand jury convened to hear his mitigating evidence was a regular session of the grand jury requiring the presence of at least sixteen jurors. His only support for this argument is dictum from *United States ex rel. McCann v. Thompson,* 144 F.2d 604, 607 (2d Cir.), *cert. denied,* 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944). In that case, Judge Learned Hand suggested that twelve jurors be present to hear exculpatory evidence because that testimony could cause a juror to find a lack of probable cause. That suggestion, however, was nothing more and formed no part of the court's holding.

Additionally, defendant cites *United States v. Leverage Funding Sys., Inc.,* 637 F.2d 645, 648 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981), suggesting the Ninth Circuit has adopted a standard requiring not fewer than twelve grand jurors who hear exculpatory testimony vote to indict in a particular case. We disagree. In that case, the court said:

> [T]he purpose of the grand jury indicates that a juror's absence during the presentation of exculpatory evidence is not a proper ground to invalidate that juror's vote for indictment. It is the function of the grand jury to determine whether the evidence presented in a specific case is sufficient to establish probable cause to believe that a crime was committed and that a specific individual committed the crime. A grand juror can therefore fulfill his or her constitutional role of determining whether the

prosecution has presented a prima facie case even if he or she was absent during the presentation of exculpatory evidence.

637 F.2d at 648 (citations omitted). It is sufficient under the Fifth Amendment and Fed.R.Crim.P. 6(a)(1) that every grand jury session is attended by "not less than 16 nor more than 23 members"; and in Fed. R.Crim.P. 6(f), "[a]n indictment may be found only upon the concurrence of 12 or more jurors." *See United States v. Cronic,* 675 F.2d 1126, 1130 (10th Cir.1982), *rev'd on other grounds,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("[T]here is no statutory or legal requirement that at least twelve grand jurors who vote to indict have heard all the evidence relevant to that indictment.").

More importantly, the Supreme Court has left no doubt that the sole function of a grand jury is to test the government's evidence for probable cause. In *United States v. Williams,* —— U.S. ——, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), a holding not cited by defendant, Justice Scalia stated:

> It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment it has always been thought sufficient to hear only the prosecutor's side.... As a consequence, neither in this country nor in England has the suspect under investigation by the grand jury ever been thought to have a right to testify, or to have exculpatory evidence presented.

*Id.* at ——, 112 S.Ct. at 1744 (citations omitted). Thus, it would follow, if a grand jury target does not have the right to present exculpatory evidence to a grand jury, the person's appearance before that body is a matter of sufferance, and whether sixteen jurors are in attendance at that session or whether twelve jurors who hear that evidence vote to indict is irrelevant to the validity of the indictment.

Accordingly, we conclude defendant's basic premise is wholly lacking in foundation. Moreover, the absence of that foundation renders moot any consideration of the com-

peting versions of how many jurors were present and alert when Mr. Byron testified.

The judgment of the district court is **AF-FIRMED.** The mandate shall issue forthwith.