UNITED STATES of America, Plaintiff,

v.

Magdalena ESTEVES, Defendant.

No. 95 CR 0066.

United States District Court,
N.D. Illinois,
Eastern Division.

April 25, 1995.

Victor F. Ciardelli, Ciardelli & Cummings, Chicago, IL, for defendant.

Jacqueline O. Stern, U.S. Attorney's Office, Chicago, IL, for plaintiff.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The seven-count indictment in this case charges defendant, Magdalena Esteves ("Ms. Esteves"), with theft, embezzlement, conversion, concealment, forgery, and mail fraud in violation of 18 U.S.C. §§ 513(a), 1029(a)(2), 1341, and 1344. Ms. Esteves moves for an order directing the government to file and serve a bill of particulars pursuant to FED. R.CRIM.P. 7(f).

▪ FED.R.CRIM.P. 7(f) "allows, in conjunction with the issuance of an indictment, for the filing of a bill of particulars—a more specific expression of the activities defendant is accused of having engaged in which are illegal." *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991). "The purpose of a bill of particulars is to provide the defendant with the information necessary to prepare a defense." *United States v. Finley,* 705 F.Supp. 1272, 1277–78 (N.D.Ill.1988) (citation omitted). Accordingly, a bill of particulars is necessary only where the indictment does not sufficiently apprise the defendant of the charges to enable her to prepare for trial. *United States v. Canino, supra,* 949 F.2d at 949 (citing *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982)). In deciding whether a bill of particulars is appropriate, the court may consider "the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill." *United States v. Coffey,* No. 92 CR 203, 1993 WL 424239, at *10 (N.D.Ill. Oct. 19, 1993) (citations omitted); *United States v. Kendall, supra,* 665 F.2d at 135. The decision to require a bill of particulars rests within the sound discretion of the trial court. *United States v. Canino, supra,* 949 F.2d at 949 (citation omitted).

▪ In the present case, Ms. Esteves seeks a bill identifying the precise time and place of the offenses alleged in the indictment, the methods or means by which the alleged offenses were committed, the names and addresses of every person relied upon by the prosecution for information, the names and addresses of every potential government witness, all criminal convictions or charges against any potential government witness, co-defendant or co-conspirator, and the identities of co-conspirators not identified in the indictment. In support of her motion, Ms. Esteves offers no explanation or argument as to why a bill of particulars is appropriate in the present case. The government argues that a bill of particulars is inappropriate because the indictment clearly informs Ms. Esteves of the nature of the charges against her and because the facts she seeks are evidentiary details which exceed the scope of a bill of particulars and are readily obtainable in the documentary evidence available to her.

The indictment in this case is sufficiently detailed to inform Ms. Esteves of the charges against her. It sets forth the transactions which form the basis of the charges; the time frame during which the transactions took place; the location of the transactions; and the methods and means by which Ms. Esteves carried out the transactions, includ-

ing the type, issuer, and account number of each credit card and the amount, date, number and payee of each check used. To the extent that Ms. Esteves seeks a bill setting forth additional detail in these matters, such evidentiary detail is beyond the proper scope of a bill of particulars. *See United States v. Alex,* 791 F.Supp. 723, 728 (N.D.Ill.1992); *United States v. Lobue,* 751 F.Supp. 748, 756 (N.D.Ill.1990) (citation omitted); *United States v. Carlisi,* No. 92 CR 1064, 1993 WL 339079, at *13 (N.D.Ill. Aug. 30, 1993); *United States v. Coffey,* No. 92 CR 203, 1993 WL 424239, at *10 (N.D.Ill. Oct. 19, 1993).

■ Furthermore, a bill of particulars is unnecessary when information essential to the defense can be obtained through "some other satisfactory form." *United States v. Canino, supra,* 949 F.2d at 949 (quoting Wright, FEDERAL PRACTICE AND PROCEDURE: CRIM.2D, § 129, pp. 436–38 (1982)). It is well settled that the implementation of an "open file" discovery policy is "an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." *United States v. Canino, supra,* 949 F.2d at 949 (citations omitted); *see also United States v. Kramer,* 711 F.2d 789, 796 (7th Cir.1983), *cert. denied,* 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 339 (1983). In the present case, the government has adopted an "open file" discovery policy which gives Ms. Esteves the opportunity to inspect all relevant documentary and physical evidence within the government's possession, including all transcripts of grand jury testimony, interview reports, lab reports, and financial records. The government insists that the documentary evidence in its possession, which has already been given or made available to Ms. Esteves, contains the information she presently seeks in this motion. Ms. Esteves does not contest these representations. Accordingly, a bill of particulars is not necessary in this case because the information sought by Ms. Esteves is otherwise available to her.

For the reasons stated herein, Ms. Esteves' motion for a bill of particulars is denied.