UNITED STATES of America, Plaintiff,

v.

**Ritchie Lyn KING, Defendant.**

No. 95–40075–01–SAC.

United States District Court,
D. Kansas.

May 14, 1996.

J. Richard Lake, Holton, KS, Marilyn M. Trubey, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Ritchie Lyn King, Chapman, KS, pro se.

Gregory G. Hough, U.S. Atty., Office of United States Attorney, Topeka, KS, for plaintiff.

## MEMORANDUM AND ORDER

CROW, District Judge.

The superseding indictment charges Ritchie Lyn King with seven counts of violating 18 U.S.C. § 2113(b), titled "Bank robbery and incidental crimes" (Counts 1 through 7), one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 8), and one count seeking to forfeit a 1981 Datsun 280–ZX (Count 9) as property derived from the proceeds of the violations alleged in counts 1 through 8. King is alleged to have stolen money from certain automated teller machines ("ATM") located in Lawrence, Kansas, during the month of October, 1995.

The trial in this case is set to commence the afternoon of May 20, 1996. The defendant King filed on May 8, 1996, a motion for discovery [1] seeking an order that required the government to produce "[c]opies of all documentation relating to polygraph examinations administered in relation to the incidents charged in the Indictment here." (Dk. 46 at 1). King's counsel asserts she recently learned that the owner and employees of Lawrence Security were given polygraph examinations concerning the matters on which the defendant is charged. King argues the requested information is potentially exculpatory and must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Rule 16(a)(1)(D), which provides:

1. King's motion does not comply with this court's procedural guidelines, as it does not certify that "counsel conferred and were unable to agree upon production of the requested informa-

Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

The government acknowledges that the Federal Bureau of Investigation ("FBI") administered polygraph examinations to the employees of Lawrence Security, except for the defendant, on the ATM thefts charged in King's indictment. The government discloses that all employees passed the polygraph examinations, that it does not intend to introduce the results of these examinations into its case-in-chief, and that it is unaware of any other polygraph examinations.

 Since the government does not intend to introduce the polygraph documentation as evidence in chief, the defendant must prove the documentation is material under either Rule 16 or *Brady*. Under Rule 16, the defendant cannot rely on conclusory allegations or on a general description of the requested information, but must make a prima facie showing of materiality to obtain the requested information. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990); *see United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991), *cert. denied*, 504 U.S. 930, 112 S.Ct. 1994, 118 L.Ed.2d 590 (1992). To be "material" for purposes of this rule, the evidence must have "more than ... [an] abstract logical relationship to the issues." *United States v. Ross*, 511 F.2d 757, 762 (5th Cir.) (citation omitted), *cert. denied*, 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975). "There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his

tion." Ordinarily, the court would deny the motion summarily for this reason. Since the trial is imminent, the court will decide the motion on its merits.

favor." *Id.* at 763. The materiality requirement typically " 'is not a heavy burden,' rather, evidence is material as long as there is a strong indication that ... [the evidence] "will 'lay an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.' " *United States v. Lloyd,* 992 F.2d 348, 351 (D.C.Cir.1993) (quoting *United States v. George,* 786 F.Supp. 56, 58 (D.D.C.1992)).[2] Stated simply, the defendant must come forth with facts tending to show "that the Government is in possession of information helpful to the defense." *Mandel,* 914 F.2d at 1219 (citation omitted).

 *Brady* requires the government to disclose requested information that is both favorable to the defendant and material. The information must be favorable to the point of being expressly exculpatory:

> If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the Government to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning.

*United States v. Comosona,* 848 F.2d 1110, 1115 (10th Cir.1988); *see United States v. Bagley,* 473 U.S. 667, 675 n. 7, 105 S.Ct. 3375, 3380 n. 7, 87 L.Ed.2d 481 (1985). Exculpatory evidence "goes to the heart of the defendant's guilt or innocence." *United States v. Starusko,* 729 F.2d 256, 260 (3rd Cir.1984) (citation omitted). Information is not exculpatory merely because it is not inculpatory. *United States v. Kennedy,* 819 F.Supp. 1510, 1519 (D.Colo.), *aff'd,* 994 F.2d 747 (10th Cir.1993). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383. Quite simply,

"the constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government....' " *United States v. Mayes,* 917 F.2d 457, 461 (10th Cir.1990) (quoting *Jencks v. United States,* 353 U.S. 657, 667, 77 S.Ct. 1007, 1012–13, 1 L.Ed.2d 1103 (1957)), *cert. denied,* 498 U.S. 1125, 111 S.Ct. 1087, 112 L.Ed.2d 1192 (1991).

 Impeachment evidence falls within the *Brady* rule when the reliability of a given witness may be determinative of the defendant's guilt or innocence. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). " 'Impeachment evidence merits the same constitutional treatment as exculpatory evidence.' " *United States v. Abello–Silva,* 948 F.2d 1168, 1179 (10th Cir.1991) (quoting *Bowen v. Maynard,* 799 F.2d 593, 610 (10th Cir.), *cert. denied,* 479 U.S. 962, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986)), *cert. denied,* 506 U.S. 1087, 113 S.Ct. 1068, 122 L.Ed.2d 373 (1993). Impeachment evidence is material if it tends to undermine the credibility of an important government witness. *United States v. Alex,* 791 F.Supp. 723, 730 (N.D.Ill.1992).

 A defendant's allegation that the requested information might be material does not entitle him to an unsupervised search of the government's files. *Pennsylvania v. Ritchie,* 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987). The burden is with the defendant to prove the materiality of the requested, undisclosed information. *United States v. Hudson,* 813 F.Supp. 1482, 1490 (D.Kan.1993); *United States v. Burger,* 773 F.Supp. 1419, 1426 (D.Kan.1991), *aff'd,* 968 F.2d 21 (10th Cir.1992), *cert. denied,* 507 U.S. 959, 113 S.Ct. 1382, 122 L.Ed.2d 758 (1993). "To require disclosure, the defendant must establish that the evidence sought exists, ..., that it is both favorable and material, ..., and that it has not already been provided." *Kennedy,* 819 F.Supp. at 1518 (citations omitted). Because the defendants often are unable to "know with certain-

---

**2.** As has been observed, materiality is a standard that may vary with the particular relevance of the requested information, the burden in producing it, the national or privacy interests surround-

ing it, and its availability from other sources. *United States v. George,* 786 F.Supp. 56, 58 (D.D.C.1992).

ty what information the government has," courts should strongly encourage liberal discovery. *United States v. Jensen*, 608 F.2d 1349, 1357 (10th Cir.1979). In the same vein, the government is to construe liberally the discovery requests and resolve all doubts in favor of disclosure. *United States v. Diggs*, 801 F.Supp. 441, 447 (D.Kan.1992), *aff'd*, 8 F.3d 1520 (10th Cir.1993).

The defendant King's request rests on the mere conclusory allegation that the requested information is "potentially exculpatory" under *Brady* and "falls within the parameters of" Rule 16(a)(1)(D). (Dk. 46 at 2). Because the employees of Lawrence Security passed the polygraph examinations, the court does not perceive the alleged materiality in the test results. The defendant does not assert any factual basis strongly indicating that King's own expert would read the tests and data differently. Speculation alone does not amount to a showing of materiality. The actual questions and answers recorded during the polygraph examination could be material to the extent that any are exculpatory or have impeachment value. The court presumes that the government has reviewed or will review the recorded questions and answers for impeachment or exculpatory matters and has produced or will produce those material portions.

IT IS THEREFORE ORDERED that the defendant's motion for discovery (Dk. 46) is denied on the condition stated above.