**UNITED STATES of America,
Plaintiff,**

v.

**Ronald POULIN, Defendant.**

**Criminal Action No. 2:09cr49.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 24, 2009.

824

Alan M. Salsbury, Kathleen L. Martin, for Government.

David G. Barger, Richard C. Klugh, Courtney Montiero, for Defendant.

### OPINION AND ORDER

MARK S. DAVIS, District Judge.

This matter came before the Court on several motions submitted by Defendant Dr. Ronald Poulin ("Poulin" or "Defendant"), which include the following: (1) motion to suppress, (2) motion to produce, (3) motion to sever, (4) motion to dismiss, and (5) motion to exclude. In addition, the government filed a motion to strike. After briefing by the parties, a hearing was conducted on October 27, 2009. The Defendant raised no objection to the government's motion to strike and the parties agreed that the Defendant's motion to ex-

clude was moot. Therefore the government's motion to strike is **GRANTED.** The remaining matters are ripe for decision, and for the reasons set forth below and on the record at oral argument, the motions are **DENIED.**

## I. Procedural Background

On April 3, 2009, a federal grand jury returned a forty-five count Indictment charging Defendant with Health Care Fraud (Count 1), False Statements Relating to Health Care Matters (Counts 2–44), and Alteration of Records to Obstruct Investigation (Count 45). The Defendant, a hematologist and oncologist, is alleged to have devised and executed a fraudulent billing scheme to receive payments from Medicare and TRICARE to which he was not entitled. Specifically, the government contends that between January 2006 and August 2008 the Defendant submitted, or caused to be submitted, numerous payment claims representing that certain quantities of drugs had been administered to patients, when in fact, smaller amounts had actually been dispensed. The government also claims that the Defendant submitted payment claims for office visits that involved a higher level of medical examination than had actually been rendered. Lastly, the government alleges that the Defendant altered records in an effort to impede the investigation of his billing practices.

On April 22, 2009, Poulin pled not guilty. On September 30, 2009, the Defendant filed the following motions: (1) motion to suppress, (2) motion to produce, (3) motion to sever, (4) motion to dismiss, and (5) motion to exclude. The government filed a consolidated response on October 9, 2009. On October 15, 2009, the government submitted a motion to dismiss Counts 22–36, 40, and 41. The government also filed a motion to strike Paragraph Seven of Count One. The Court granted leave to dismiss on October 19, 2009. The Court heard oral arguments on the Defendant's motions on October 27, 2009, ruled from the bench, and indicated that it would follow up its ruling from the bench with an order memorializing such ruling.

In light of the complexity of the case, the parties and the Court previously agreed to schedule the trial outside the standard speedy trial period to ensure each side had adequate time to prepare. Therefore, the trial was set for November 3, 2009.

## II. Discussion

### A. Defendant's Motion to Suppress

Defendant's motion to suppress alleges that his Fourth Amendment rights were violated when officials seized records from his medical office because the authorizing search warrant was unconstitutionally overbroad. The warrant was issued by a United States Magistrate Judge on August 28, 2008, and subsequently executed by agents with the Federal Bureau of Investigation. The warrant authorized the search of Defendant's medical office and the seizure of patient files and related records for Medicare and TRICARE beneficiaries treated between 2006 and 2008.

Defendant contends that the allegations articulated in the search warrant affidavit only provide probable cause for a limited search restricted to documents concerning patients for whom the government had received specific information of false billing. Defendant further claims that the warrant improperly permitted officials to seize files from 2006 to August 2007 even though none of the allegations made in the supporting affidavit covered this time period. In short, Defendant asserts that the warrant failed to draw a sufficient nexus between the items authorized to be seized

and the probable cause presented by the allegations in the search warrant affidavit.

 The Fourth Amendment declares that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons to be seized." U.S. CONST. amend. IV. The Fourth Amendment's prohibition requires "that a warrant be no broader than the probable cause on which it is based." *United States v. Hurwitz,* 459 F.3d 463, 473 (4th Cir.2006) (citation omitted). In the context of a search warrant, probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *United States v. DeQuasie,* 373 F.3d 509, 518 (4th Cir.2004) (citing *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). When reviewing a Magistrate Judge's determination of probable cause, courts are only to assess whether there was a "substantial basis for the decision." *Hurwitz,* 459 F.3d at 473. In doing so, the court should give the Magistrate Judge's finding "great deference." *Id.*

The search warrant in this case was based on a very detailed affidavit comprised of information obtained from numerous interviews conducted as part of a three-year investigation. The warrant authorized only a limited search of patient files and related records for federal health beneficiaries treated during a three-year period. The supporting affidavit thus presented facts sufficient to create a substantial basis for the Magistrate Judge's probable cause determination.

 In any event, even if the Court accepts the argument that the specific facts presented in the supporting affidavit do not justify the breadth of the search warrant, Poulin's challenge must still fail.

The Fourth Circuit has held that the government is not required to articulate probable cause for each individual document seized when the supporting affidavit indicates, either explicitly or implicitly, that a business is permeated with fraud. *Hurwitz,* 459 F.3d at 473; *see also United States v. Oloyede,* 982 F.2d 133, 141 (4th Cir.1992).

In *Hurwitz,* the Fourth Circuit denied a defendant's motion to suppress patient files seized during the search of his medical practice. 459 F.3d at 473–74. Based in part on the evidence seized, the defendant was convicted of trafficking prescription narcotic drugs. *Id.* at 473. The defendant argued that the search was unconstitutional because the authorizing warrant permitted officials to seize medical files and related records for all of his patients. *Id.* The defendant claimed that the search should have been limited to only the files of those patients who had provided statements included in the supporting affidavit. *Id.*

The Fourth Circuit affirmed the trial court's decision to admit the evidence because the supporting affidavit demonstrated that the defendant's practice was "permeated" with illegal drug trafficking activity. *Id.* at 474. The Fourth Circuit based its conclusion on information showing that a large number of individuals arrested for illegal distribution of prescription drugs had identified the defendant as the source of the drugs. *Id.* The court also relied on details indicating that the defendant's practice had a reputation in the drug community for providing large quantities of prescription narcotics. *Id.* Finally, the court pointed to facts in the affidavit revealing that the defendant knew that many of his patients were reselling drugs prescribed by him. *Id.*

The arguments presented in the instant motion are similar to those in *Hurwitz* and equally flawed. Here, the affidavit cataloged several interviews with the Defendant's former employees who described numerous instances, over an extended period of time, in which Poulin changed, or caused to be changed, patient charge sheets so that they would reflect drugs and examinations that were never administered. For example, a former business partner reported that between July 2004 and November 2005 Poulin directed that physician visits be billed even when no patient was examined and altered charge sheets to reflect higher doses than were administered. A former registered nurse working for the Defendant reported that in mid–2005 she and another nurse were ordered to fill out charge sheets for services that were never rendered. Two cooperating witnesses stated that in 2007 they were instructed to administer half doses of a drug to patients and then use the remaining half doses for other patients. The witnesses also reported that although the medical staff coded the correct dosages on the payment chart, the Defendant would later alter the information to indicate that each patient had actually received a full unit.

■ These facts allege a wide-ranging scheme by the Defendant to defraud the Medicare and TRICARE programs. As such, they provide a substantial basis for the Magistrate Judge's probable cause determination. In addition, the supporting affidavit also suggests a persistent pattern of deception that provides a substantial basis on which to find that the Defendant's business was permeated with fraud. For these reasons, the warrant was not unconstitutionally overbroad and the Defendant's motion to suppress is denied.

## B. Defendant's Motion for Production of Witness Statements

Defendant's motion for production of witness statements requests that the Court compel disclosure by the government of several items pursuant to *Brady* and *Giglio*. Defendant seeks the following: (1) "any written or recorded statements, and any reports of oral statements, by government witnesses acknowledging making false entries in billing claims or medical records or similar improprieties," (2) "any non-prosecution agreements entered into between the government and its witness," (3) "any conflicting statements of eyewitnesses," (4) "any witness admissions of bias or personal interest, such as due to financial or employment disputes between the witness and the defendant," and (5) "any other information providing a ground of impeachment of such witness." (Def.'s Mot. for Produc. at 1–2).

■ Rule 16 of the Federal Rules of Criminal Procedure sets forth discovery obligations for both the government and the defendant in a criminal case. In addition, under *Brady v. Maryland* the government is required to disclose all material evidence favorable to the defendant on the issues of guilt or punishment. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Giglio v. United States*, the government's obligation also extends to evidence that may be used to impeach a government's witness. 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

On April 22, 2009, this Court entered an Order on Discovery in this case. Among other things, the Order required the government to comply with its obligations to produce to the Defendant any known exculpatory materials as required by *Brady* and any *Giglio* material for witnesses who will testify in the government's case. In its consolidated response to Defendant's motions, the government makes clear its

intent to continue to comply with the requirements of *Brady* and *Giglio*.

■ Without a sufficiently specific showing of the materials allegedly being withheld, it would be improper to permit broader discovery. *See United States v. Polowichak*, 783 F.2d 410, 414 (4th Cir. 1986). The Discovery Order, coupled with the government's commitment to abide by the requirements of *Brady* and *Giglio*, therefore render the Defendant's motion moot. *See United States v. Cole*, No. 3:08–CR–48, 2009 WL 596008, at *7 (E.D.Tenn. March 6, 2009) (denying a motion for production in light of an earlier Discovery Order requiring *Brady* and *Giglio* disclosure); *United States v. Alex*, 791 F.Supp. 723, 729 (N.D.Ill.1992) (finding that the government's continued promise to comply with *Brady* and *Giglio* renders motion to produce moot). For these reasons the Defendant's motion to produce is denied.

### C. Defendant's Motion to Sever Count 45 of the Indictment

Defendant next moves the Court to sever Count 45 of the Indictment from the scheduled trial pursuant to Rule 14(a). Count 45 alleges that the Defendant obstructed federal agency investigations conducted by the United States Department of Health and Human Services and the United States Department of Defense. Defendant argues that Count 45 should be severed because it: (1) presents a different legal question, (2) will require testimony from the Defendant that he would not otherwise be willing to provide if charged together with the fraud counts, and (3) will unduly extend the trial due to the complexity of the issue.

■ Rule 8(a) allows the government to join two separate offenses under one indictment if the "offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R.CRIM. PRO. 8(a). This language permits broad joinder so long as the two offenses maintain a "logical relationship." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir.2005). Charged offenses are considered logically connected when the "consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.*

■ Defendant's claim that Count 45 was improperly joined is without merit. Counts 1–21, 37–39, and 42–44 of the Indictment relate to health care fraud and the making of false statements in connection with a fraudulent billing scheme. There is a "logical relationship" between Count 45 and the other offenses charged in the Indictment because it is difficult, if not impossible, to discuss the alleged agency obstruction without also discussing the alleged fraudulent billing practices. Joinder was thus proper under Rule 8(a) because there is significant overlap between the obstruction and health care fraud charges sufficient to meet any one of the three separate components of Rule 8(a).

■ Defendant also seeks relief under Rule 14(a), which permits the Court to sever offenses that are consolidated in an indictment if their joinder would be prejudicial. The Court is required to sever offenses charged in an indictment only if "there is a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 388 (quoting *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). A defendant must do more than merely show that "a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir.1995). Furthermore, to warrant severance, the

Defendant's showing must provide more than speculative allegations of prejudice. *United States v. Najjar,* 300 F.3d 466, 474 (4th Cir.2002), *cert. denied,* 537 U.S. 1094, 123 S.Ct. 705, 154 L.Ed.2d 641 (2002).

Defendant asserts that prejudice exists in all cases in which a defendant is charged with a crime and also a separate offense for obstructing the investigation of that underlying crime. However, a number of Circuit Courts of Appeal have found that trying an obstruction offense or, similarly, a perjury offense, together with the underlying crime is appropriate. *See e.g., United States v. Shorter,* 54 F.3d 1248, 1258 (7th Cir.1995); *United States v. Winn,* 948 F.2d 145, 160–61 (5th Cir.1991); *United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir.1984); *United States v. Jamar,* 561 F.2d 1103, 1106–07 (4th Cir.1977).

■■■ Defendant further contends that prosecuting Count 45 with the remainder of the Indictment forces him to forgo providing testimony that he might otherwise present if the charges were severed. However, the Defendant has failed to make any specific showing demonstrating the importance of testifying on one count while also refraining from testifying on another count. *See United States v. Goldman,* 750 F.2d 1221, 1225 (4th Cir.1984). Therefore, the government is not precluded from trying all the charged offenses together. For these reasons the Defendant's motion to sever is denied.

## D. Defendant's Motion to Dismiss for Failure to State a Claim With Sufficient Particularity

Defendant's final motion asks this Court to dismiss the Indictment based on the government's failure to set forth the charged offenses with sufficient particularity. Defendant argues that Count One of the Indictment fails to adequately specify the acts committed as part of the offense charged. The Defendant further contends that Counts 2–21, 37–39, and 42–44 fail to state how the specific treatments at issue are materially false. Lastly, Defendant asserts that Count 45 fails to specify which entries he falsified to impede the Departments' investigations.

■■■ Rule 7 requires that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R.CRIM. PRO. 7. "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams,* 152 F.3d 294, 299 (4th Cir.1998); *accord Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). An indictment that follows the statutory language is ordinarily sufficient. *Hamling,* 418 U.S. at 117, 94 S.Ct. 2887.

■■■ Each of the offenses charged in the Indictment in this case adequately track the statutory language. Moreover, the Counts provide sufficiently specific allegations to allow the Defendant to mount a defense and plead double jeopardy. Count One includes the time period during which the Defendant allegedly committed the fraud, the specific drugs that were part of the fraudulent billing scheme, and three separate methods by which the fraud was perpetrated. Counts 2–21, 37–39, and 42–44 identify, by their initials, individual patients for whom the Defendant allegedly submitted false statements, and the dates on which the services were performed and claims for payment were submitted. Count 45 provides the specific period during which the alleged alterations occurred. It is also clear that the altered files refer-

enced in the Indictment are the same ones requested by the subpoena.

These allegations set out with sufficient particularity the offenses charged in the Indictment. Therefore the Defendant's motion to dismiss is denied.

### III. Conclusion

For the reasons discussed above and on the record at oral argument, the government's motion to strike is **GRANTED,** and the Defendant's motion to suppress, motion to produce, motion to sever, and motion to dismiss are **DENIED.**

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for Defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**